UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PHL VARIABLE INSURANCE COMPANY,

Plaintiff,

CASE NO.

v.

MARK PUIG and LOIS COLLINS,

Defendants.
_____/

## COMPLAINT FOR INTERPLEADER

Plaintiff, PHL Variable Insurance Company ("PHL"), files this Complaint for Interpleader against Defendants, Mark Puig and Lois Collins.

## THE PARTIES

1. PHL is a corporation organized and existing under the laws of the state of Connecticut and maintains its principal place of business in the state of Hartford, Connecticut.

2. Upon information and belief, Mark Puig ("Puig") is a citizen of the state of Florida, residing in Windmere, Florida, and is the surviving spouse of the decedent, Robert Collins (the "Decedent").

3. Upon information and belief, Defendant Lois Collins, ("Collins") is a citizen of the state of Florida, residing in Orlando, Florida, and is the mother of the Decedent.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because PHL is a citizen of a different state, Connecticut, than each of the Defendants who are both citizens

of Florida and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest, and costs.

5. The object of this Complaint is determination of the beneficiary of the proceeds of a life insurance policy that insured the Decedent Robert Collins ("Decedent") and had a death benefit of $500,000.00 at the time of the Decedent's death. Therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

6. In addition, interpleader jurisdiction alternatively lies in this Court under Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1391 as there is diversity between all claimants and PHL, the disinterested stakeholder.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as one or more of the claimants to the benefits resides in this District.

## THE POLICY

## FACTUAL BACKGROUND

8. PHL issued term life insurance policy no. 40025168 (the "Policy") with an effective date of August 18, 2003 and a face amount of $1,000,000.00 ("Death Benefit").

9. On the initial Policy application, the Decedent designated his Mother ("Collins") and his then business partner Paul Scarborough as the primary beneficiaries (50%/50%). A copy of the initial application's beneficiary designation is attached as **Exhibit A**.

10. On May 28, 2011, the Decedent requested a face amount reduction from $1,000,000.00 million to $500,000.00. The reduction was effective May 18, 2011. A copy of the May 28, 2011 Request for Policy Change form is attached as **Exhibit B**.

11. On August 31, 2020, the Decedent designated Puig as 70% beneficiary and Collins as 30% beneficiary in a Beneficiary Change form submitted to PHL. A copy of the August 31, 2020 beneficiary designation is attached as **Exhibit C**. On September 25, 2020, the Decedent re-submitted the Beneficiary Change form designating Puig at 70% beneficiary and Collins as 30% beneficiary. A copy of the September 25, 2020 beneficiary designation is attached as **Exhibit D.**

## COMPETING CLAIMS

12. The Decedent died on October 8, 2020.

13. The Decedent was survived by his spouse, Puig, and his mother, Collins.

14. On November 20, 2020, both Puig and Collins submitted claims for the Death Benefit. A copy of the claim forms are attached as **Exhibit E**.

15. By letter dated December 2, 2020 Collins contested the "validity and legitimacy of the recent changes to the Policy," thus contesting the claim of Puig. A copy of this letter is attached as **Exhibit F.**

## COUNT I

### Claim for Interpleader

16. Puig and Collins may each have a claim to the Death Benefit under the Policy.

17. PHL is an innocent stakeholder and is unable to determine whether Puig and/or Collins are entitled to the Death Benefit under the Policy at this time. As a result, PHL faces the threat of multiple litigation and multiple liability.

18. PHL stands ready, willing, and able to pay the Death Benefit to the appropriate party.

19. After the filing of this Complaint for Interpleader, PHL will be filing a Motion for Leave to Deposit Funds, seeking to deposit the Death Benefit into the Registry of the Court.

20. By depositing the Death Benefit, it is clear that PHL will have satisfied its obligations under the Policy.

21. PHL seeks to have the Defendants interplead their claims to the Death Benefit and to be discharged from all further liability with respect to the Death Benefit under the Policy.

## RELIEF REQUESTED

PHL asks that judgment be entered in its favor and that:

a) This Court permit PHL to deposit the Death Benefit into the Registry of this Court;

b) This Court order each of the Defendants to interplead and resolve among themselves their respective rights to the Death Benefit under the Policy.

c) This Court enjoin and restrain each of the Defendants their heirs, legal representatives, and assigns and all other persons claiming by, through or under them, from instituting any other proceeding against PHL with respect to the Policy.

d) This Court award PHL its attorneys' fees and costs pursuant to applicable law, including federal interpleader law;

e) PHL be fully and finally discharged from all liability under the Policy and dismissed from this action; and

f) The Court award such other relief as it may deem just and proper.

Dated: March 29, 2021

MCDOWELL & HETHERINGTON LLP
Attorneys for Plaintiff PHL
2385 N.W. Executive Center Drive, Suite 400
Boca Raton, FL 33431
(561) 994-4311
(561) 982-8985 fax


By: /s/Wendy L. Furman
WENDY L. FURMAN
Fla. Bar No. 0085146
wendy.furman@mhllp.com;