## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| PHL VARIABLE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) Case No.: 6:21-cv-563-CEM-EJK |
| v. | ) ) ) |
| MARK PUIG and LOIS COLLINS, | ) ) ) |
| Defendants. | ) ) |

### DEFENDANT, MARK PUIG'S ANSWER
### TO COMPLAINT FOR INTERPLEADER [Doc. 1]

COMES NOW Defendant, MARK PUIG ("Mr. Puig"), by counsel and pursuant to Rule 12 of the *Federal Rules of Civil Procedure,* and hereby files this Answer in response to the Complaint for Interpleader (Doc. 1)("Complaint") filed by Plaintiff, PHL VARIABLE INSURANCE COMPANY, and states as follows:

### THE PARTIES

1. Mr. Puig is without knowledge of the allegations within paragraph 1 of the Complaint, and, therefore, denies same.

2. Mr. Puig denies that he resides in "Windmere," Florida. Mr. Puig admits all remaining allegations within paragraph 2 of the Complaint.

3. Mr. Puig admits the allegations within paragraph 3 of the Complaint.

Case 6:21-cv-00563-CEM-EJK   Document 14   Filed 05/26/21   Page 2 of 5 PageID 69

*PHL Variable Ins. Co. v. Mark Puig and Lois Collins*   Case No.: 6:19-cv-563 CEM-EJK
Defendant, Mark Puig's Answer to Complaint for Interpleader   Page **2** of **5**

JURISDICTION AND VENUE

4. Mr. Puig admits the allegations within paragraph 4 of the Complaint for jurisdictional purposes only.

5. Mr. Puig admits the allegations within paragraph 5 of the Complaint for jurisdictional purposes only.

6. Mr. Puig admits the allegations within paragraph 6 of the Complaint for jurisdictional purposes only.

7. Mr. Puig admits the allegations within paragraph 7 of the Complaint for venue purposes only.

**THE POLICY**
**FACTUAL BACKGROUND**

8. Mr. Puig admits the allegations within paragraph 8 of the Complaint.

9. Mr. Puig admits that Exhibit A speaks for itself. Mr. Puig is without knowledge of the remaining allegations within paragraph 9 of the Complaint, and, therefore, denies same.

10. Mr. Puig admits that Exhibit B speaks for itself. Mr. Puig is without knowledge of the remaining allegations within paragraph 10 of the Complaint, and, therefore, denies same.

11. Mr. Puig admits that Exhibits C and D speak for themselves. Mr. Puig is without knowledge of the remaining allegations within paragraph 11 of the Complaint, and, therefore, denies same.

Case 6:21-cv-00563-CEM-EJK   Document 14   Filed 05/26/21   Page 3 of 5 PageID 70

*PHL Variable Ins. Co. v. Mark Puig and Lois Collins*     Case No.: 6:19-cv-563 CEM-EJK
Defendant, Mark Puig's Answer to Complaint for Interpleader     Page **3** of **5**

12. Mr. Puig admits the allegations within paragraph 12 of the Complaint.

13. Mr. Puig admits the allegations within paragraph 13 of the Complaint.

14. Mr. Puig admits that on November 20, 2020, he submitted a claim for the Death Benefit. Mr. Puig further admits that Exhibit E speaks for itself. Mr. Puig is without knowledge of the remaining allegations within paragraph 14 of the Complaint, and, therefore, denies same.

15. Mr. Puig admits that Exhibit F speaks for itself. Mr. Puig is without knowledge of the remaining allegations within paragraph 15 of the Complaint, and, therefore, denies same.

## COUNT I
## Claim for Interpleader

16. Mr. Puig admits the allegations within Paragraph 16 of the Complaint.

17. Mr. Puig is without knowledge of the allegations within paragraph 17 of the Complaint, and, therefore, denies same.

18. Mr. Puig is without knowledge of the allegations within paragraph 18 of the Complaint, and, therefore, denies same.

19. Mr. Puig is without knowledge of the allegations within paragraph 19 of the Complaint, and, therefore, denies same.

20. Mr. Puig is without knowledge of the allegations within paragraph 20 of the Complaint, and, therefore, denies same.

21. Mr. Puig admits the allegations within paragraph 21 of the Complaint.

22. Mr. Puig admits that Exhibit F speaks for itself.

23. Mr. Puig denies each and every allegation within the Complaint not specifically admitted to herein.

WHEREFORE, Defendant, MARK PUIG, respectfully requests the following relief:

A. That the Court enter an order directing Plaintiff to deposit its policy limits into an interest-bearing account for subsequent distribution according to this Court's future direction;

B. That the Court enter an order distributing the interpleaded funds in a just and equitable manner;

C. That the Court enter an order enjoining all Defendants from instituting any separate action or proceeding regarding potential claims against the interplead funds;

D. That the Court deny Plaintiff's request for attorney's fees;

E. That Defendant, MARK PUIG, be awarded taxable costs; and

F. That the Court grant Defendant any further relief that the Court may deem just and proper.

Case 6:21-cv-00563-CEM-EJK   Document 14   Filed 05/26/21   Page 5 of 5 PageID 72

*PHL Variable Ins. Co. v. Mark Puig and Lois Collins*  Case No.: 6:19-cv-563 CEM-EJK
Defendant, Mark Puig's Answer to Complaint for Interpleader  Page **5** of **5**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 26, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a copy of this document was served by E-mail on the following:

| Wendy L. Furman, Esq.<br>McDowell & Hetherington LLP<br>2385 N.W. Executive Center Drive, Suite 400<br>Boca Raton, FL 33431<br>Wendy.furman@mhllp.com | Clay A. Deatherage, Esq.<br>BLOODWORTH LAW, PLLC<br>801 N. Magnolia Avenue, Ste. 216<br>Orlando, FL 32803<br>cdeatherage@lawyerfightsforyou.com |
|---|---|

May 26, 2021

**CPLS, P.A.**
Attorneys | Consultants | Mediators
201 E. Pine Street, Suite 445
Orlando, Florida 32801
(T) 407-647-7887
(F) 407-647-5396
*Attorney for Defendant, Mark Puig*
CPLS File No. 4267-1

_____
Scott A. Livingston, Esq.
Florida Bar No. 0126314
Primary Email: slivingston@cplspa.com
Secondary Email: courtefiling@cplspa.com