UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 21-cv-563 -CEM-EJK

PHL VARIABLE INSURANCE COMPANY,

        Plaintiff,

v.

MARK PUIG and LOIS COLLINS,

        Defendants.
_____/

**PHL VARIABLE INSURANCE COMPANY'S UNOPPOSED
MOTION FOR DEPOSIT OF INTERPLEADER FUNDS**

PHL Variable Insurance Company ("PHL"), through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 67, respectfully seeks an order permitting PHL to deposit the insurance proceeds at issue in this action into the Registry of the Court.[1] In support of its Motion, PHL states as follows:

**I.    FACTUAL BACKGROUND**

On August 18, 2003, PHL issued term life insurance policy no. 40025168 (the "Policy") to Robert Collins (the "Insured") in the face amount of $1,000,000.00.

---

[1] PHL initially sought to file this Motion as a Motion for Interpleader, Deposit and Discharge, seeking leave to deposit the Proceeds, less its attorneys' fees and costs ($6,500.00 at the time), to be dismissed from this interpleader action, so that this action can proceed as between the competing claimants, and to be discharged from liability, but counsel for Collins refused to consent to the relief.  As a result, in this Motion PHL now seeks only to deposit the Proceeds and will file a further motion for the additional interpleader relief of discharge and dismissal and recovery of its fees and costs which continue to accrue due to counsel for Collins' refusal to permit PHL to be dismissed.

(Complaint, Doc. 1, at ¶ 8). In the application that was incorporated as part of the Policy, Collins' Mother Lois Collins ("Collins") and his then business partner, Paul Scarborough, were identified as the primary co-beneficiaries (50%/50%). (*Id.* at ¶ 9, Ex. A).

On May 28, 2011, the Decedent requested a face amount reduction from $1,000,000.00 million to $500,000.00. The reduction was effective May 18, 2011. (*Id.* at ¶ 10, Ex. B).

On August 31, 2020, the Decedent designated Mark Puig ("Puig") as 70% beneficiary and Collins as 30% beneficiary in a Beneficiary Change form submitted to PHL. (*Id.* at ¶ 11, Ex. C). On September 25, 2020, the Decedent re-submitted the Beneficiary Change form designating Puig as 70% beneficiary and Collins as 30% beneficiary. (*Id.* at ¶ 11, Ex. D).

The Insured died on October 8, 2020. (*Id.* at ¶ 12). Following the Insured's death, both Interpleader Defendants Puig and Collins made a claim to PHL for the Policy's death benefit. (*Id.* at ¶ 11, Ex. E). By letter dated December 2, 2020 Collins contested the "validity and legitimacy of the recent changes to the Policy," thus contesting the claim of Puig. (*Id.* at ¶ 15, Ex. F). According to Collins, the Insured was terminally ill prior to his death.

Based on the foregoing, PHL is unable to determine whether Puig and/or Collins are entitled to the Death Benefit under the Policy at this time. PHL has properly instituted this action in interpleader and has brought before the Court both of the competing claimants to the Death Benefit due under the Policy – the Defendants

Puig and Collins. Puig has filed an Answer to the Complaint, asserting entitlement to 70% of the Proceeds. (ECF No. 14). Collins' counsel, Clay A. Deathridge, Esq. requested an extension of time to respond to the Complaint, to which undersigned counsel indicated PHL had no objection to a motion seeking this relief.

**The Defendants have consented to the deposit of the Death Benefit under the Policy into the Registry of this Court pending a resolution of their competing claims.**

The amounts due to be deposited as the proceeds of the Policy (hereinafter "Policy Proceeds") include the following sums:

| | |
|---|---:|
| Face amount of the Policy | $500,000.00 |
| +Post-mortem Interest (3%) | $8,589.04 |
| +Premium Refund | $26.03 |
| **Net Total Policy Proceeds** | **$508,615.07** |

## II. POINTS AND AUTHORITIES

### A. PHL Should Be Permitted to Deposit the Benefit into the Court Registry in Accordance with Federal Rule of Civil Procedure 67.

Federal Rule of Civil Procedure 67 permits PHL to deposit the Death Benefits under the Policy into the Court Registry. Specifically, Rule 67 provides as follows:

> In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any

3

> part of the sum or thing. The party making the deposit shall serve the order permitting deposit on the clerk of the court.

Rule 67 is properly invoked where there is a dispute concerning entitlement to a sum of money. See Southtrust Bank of Florida v. Wilson, 971 F. Supp. 539, 542 (S.D. Fla. 1997); Manufacturers Hanover Overseas Capital Corp. v. Southwire Co., 589 F. Supp. 214, 221 (S.D.N.Y. 1984). Its purpose is to relieve the depositor of responsibility for a fund in dispute, such as in an interpleader action, "while the parties hash out their differences with respect to it." Cajun Electric Power Cooperative, Inc. v. Riley Stoker Corp., 901 F.2d 441, 445-46 (5th Cir. 1990); Alabama Power Co. v. Gulf States Utilities Co., 824 F.2d 1465, 1474 (5th Cir. 1987). Moreover, the depositor may even have an interest in the deposited funds. Guthartz v. Park Ctr. West Corp., 2008 U.S. Dist. Lexis 57806 (S.D. Fla. 2008); see also Alabama Power, 824 F.2d at 1474. Further, interpleader is the "'means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner.'" Metro. Life Ins. Co. v. Jackson, 2013 U.S. Dist. Lexis 108144, *9 (M.D. Fla. 2013); citing In re Mandalay Shore Co-Op Hous. Ass'n., 21 F.3d 380, 383 (11th Cir. 1994). "'Interpleader is appropriate where the stakeholder may be subject to adverse claims that could expose it to multiple liability on the same fund.'" Id. at *10; citing Ohio Nat'l Life Assur. Corp. v. Langkau, 353 Fed. Appx. 244, 248 (11th Cir. 2009). After the party seeking interpleader shows that it has been or may be subjected to adverse claims, the court "'may issue an order discharging the stakeholder, if the stakeholder

4

is disinterested.'" Id.; quoting Dunbar v. United States, 502 F.2d 506, 511 (5th Cir. 1974); citing United States v. High Tech Prods., Inc., 497 F.3d 637, 641-42 (6th Cir. 2007).

In the instant case, PHL has received notice of competing claims from the Defendants who have not reached an agreement as to how the Death Benefits should be distributed. Further, PHL claims no interest in the Death Benefits except to the extent such payment discharges any and all obligations PHL will owe to any party arising out of the Decedent's death and the Death Benefits payable under the Policy as a consequence thereof and its recovery of PHL's attorneys' fees incurred in initiating this interpleader action. Depositing the Death Benefits will facilitate judicial economy by permitting PHL, who is merely an innocent stakeholder, to be dismissed from this suit with prejudice while entitlement to the Death Benefits is resolved.

### IV. CONCLUSION

For the reasons set forth above, PHL's Motion for Leave to Deposit Funds should be granted.

### Local Rule 3.01(g) Certification

Undersigned counsel for Plaintiff, PHL Variable Insurance Company, certifies that she has conferred with Clay A. Deatherage, Esq., counsel for Lois Collins, and Scott Livingston, Esq., Counsel for Defendant Mark Puig, who have no objection to the relief requested by this Motion.

5

Dated: June 1, 2021          MCDOWELL & HETHERINGTON LLP
Attorneys for Plaintiff PHL
2385 N.W. Executive Center Drive, Suite 400
Boca Raton, FL 33431
(561) 994-4311
(561) 982-8985 fax


By:    /s/Wendy L. Furman
WENDY L. FURMAN
Fla. Bar No. 0085146
wendy.furman@mhllp.com


### CERTIFICATE OF SERVICE

I certify that on June 1, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a copy of this document was served by CM/ECF or E-mail on the following:

Clay A. Deatherage, Esq.
BLOODWORTH Law, PLLC
801 N. Magnolia Avenue, Ste. 216
Orlando, FL 32803
cdeatherage@lawerfightsforyou.com
Counsel for Defendant Lois Collins

Scott A. Livingston, Esq.
CPLS, P.A.
201 East Pine Street, Suite 445
Orlando, FL 32825
Hzobel@cplspa.com
SLivingston@cplspa.com
Counsel for Defendant Mark Puig


Wendy L. Furman
Wendy L. Furman