UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PHL VARIABLE INSURANCE COMPANY,

Plaintiff,

v.                                                Case No.: 6:21-cv-563-CEM-EJK

MARK PUIG and LOIS COLLINS,

Defendants.

_____/

## DEFENDANT LOIS COLLINS' ANSWER AND AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND CROSSCLAIM

Defendant, Lois Collins ("Defendant"), by and through her undersigned counsel, answers the Complaint dated March 29, 2021 and states as follows in response to each paragraph thereof:

### THE PARTIES

1.  Without knowledge, therefore denied.

2.  Admitted.

3.  Admitted.

### JURISDICTION AND VENUE

4.  Admitted.

5.  Admitted.

6.  Admitted.

7.  Admitted.

## THE POLICY

### Factual Background

8.  Admitted.

9.  Admitted.

10. Admitted.

11. Denied.

## COMPETING CLAIMS

12. Admitted.

13. Admit. Robert Collins is also survived by his sisters and brother.

14. Admit that Collins submitted; denied that Puig properly executed and submitted a claim.

15. Admitted.

## COUNT I

### Claim for Interpleader

16. Denied.

17. Denied.

18. Admitted.

19. Without knowledge, therefore denied.

20. Denied.

21. Denied.

## **<u>RELIEF REQUESTED</u>**

PHL asks that judgment be entered in its favor and that:

    a)  Admitted.

    b)  Admitted.

    c)  Denied.

    d)  Denied.

    e)  Denied.

    f)  Admitted.

## **<u>AFFIRMATIVE DEFENSES</u>**

### <u>Common Allegations</u>

1.     On June 2, 2003, Robert Collins applied for a $1,000,000 life insurance policy from Phoenix Life Insurance Company, where Robert Collins signed the application and a witness attested to his signature of the same date (the "Application."). A copy of the Application is attached as Exhibit "A," to the Complaint.

2.     In the application, Robert Collins' mother, Lois Collins, and Robert Collins' then business partner, Paul Scarborough, were identified as the primary co-beneficiaries (50%/50%)

3.      On August 18, 2003, Phoenix Life Insurance Company (now PHL) issued term life insurance policy no. 40025168 (the "Policy") to Robert Collins in the face amount of $1,000,000.00.

4.      On May 28, 2011, Robert Collins requested a face amount reduction from $1,000,000 million to $500,000. A copy of the Request for Policy Change is attached as Exhibit "B," to the Complaint.

5.      On or about September 21, 2018, Paul Scarborough died, leaving Lois Collins as the sole 100% beneficiary under the Policy.

6.      On or about July 7, 2020, Robert Collins was diagnosed with terminal Stage 4 endocrine pancreatic cancer.

7.      From July 17, 2020 through October 3, 2020, Robert Collins underwent extensive in-patient radiation and chemo treatments during stays at the hospital, and during this period Robert Collins health rapidly declined.

8.      On or about August 28, 2020, Mark Puig used his unfettered access to Robert Collins cell phone, personal computer and email account, to impersonate Robert Collins in communications with PHL's agents at the Bruce Baltich Insurance Agency ("PHL's Agents") and fraudulently requested a change in beneficiary form for the Policy.

9.      On August 28, 2020, PHL's Agents (Bruce Baltich and Jeimmy Caita) responded by email attaching the beneficiary change form and requiring that

Robert Collins execute the form with a disinterested witness attesting to Robert's signature and date the form.

10.     On August 31, 2020, Mark Puig forged Robert Collins signature and submitted a fraudulent beneficiary change form to PHL and its agents, which failed to have the required disinterested witness signature and failed to date the form (the "August Form").  The August Form designated Mark Puig as 70% beneficiary and Lois Collins as 30% beneficiary. See Ex. C to the Complaint; see also Report of Forensic Document Examiner Thomas Vastrick, attached to the Counterclaim as Exhibit "D."

11.     Upon information and belief, the August Form was not accepted by PHL and/or its agents.

12.      On September 25, 2020, Mark Puig again forged Robert Collins signature, this time as Robert B. Collins, and submitted a second fraudulent beneficiary change form to PHL and its agents (the "September Form"), which again failed to have the required disinterested witness signature and this time fraudulently backdated the form to February 21, 2020. The September Form again designated Mark Puig as 70% beneficiary and Lois Collins as 30% beneficiary.  See Ex. D to the Complaint; see also Report of Forensic Document Examiner Thomas Vastrick).

13.     Robert Collins died on October 8, 2020.

14.     Following Robert Collins death, both Mark Puig and Lois Collins made a claim to PHL for the Policy's death benefit.  See Ex. E to the Complaint.

15.     By letter dated December 2, 2020, Lois Collins contested the "validity and legitimacy of the recent changes to the Policy," thus contesting the claim of Mark Puig.  See Ex. F to the Complaint.

## First Affirmative Defense – Negligence

Paragraphs 1 through 15 above are hereby incorporated into this affirmative defense. PHL and its agents required the change of beneficiary form to be signed by a disinterested witness and properly dated.  In reviewing the August Form, PHL and its agents knew or should have known that it was in handwriting and had signature different from any on file for Robert Collins and it was not signed in accordance with the form or Policy requirements as it was not signed by a disinterested witness and was not dated. In reviewing the September Form, PHL and its agents knew or should have known that it was signed as Robert B. Collins which was different than any previous signature or handwriting on file with PHL, and again was not signed in accordance with the form or Policy requirements as it was not signed by a disinterested witness and was fraudulently backdated to seven months prior to submission, February 21, 2020.  Such obvious inconstancies in handwriting and signatures and failures to comply with the basic requirements of the Policy as laid out in PHL's agents email and in the change of beneficiary

form should have given PHL and its agents notice that the forms were not signed by Robert Collins. PHL should have exercised reasonable care by requiring confirmation by a disinterested witness signature or notary with an accurate date to confirm and validate that it was indeed Robert Collins who was requesting a change to the Policy's beneficiaries.

In addition, the fact that one form was not accepted by PHL (the August Form) and the second form accepted by PHL (the September Form), which was now signed by Robert B. Collins, and was backdated to seven months prior to submittal (February 2020) should have caused PHL and its agents to further question why were the two form signed with different full names and one not dated and one backdated and further investigated and not accepted a change in beneficiary until a disinterested witness or notary attesting to Robert Collins' authentic signing and dating of the change of beneficiary form.

PHL failed to exercise reasonable care or competence in receiving and validating the August and/or September Form and confirming that it was Robert Collins in fact requesting a change to the Policy. PHL negligently accepted both or either of the August and September Form and as a result of PHL's negligence, Lois Collins has been deprived of her full rights and benefits under the Policy as procured and designated by Robert Collins.

WHEREFORE, Defendant Lois Collins seeks a judgment from the Court allowing the Policy benefits to be deposited into the Court registry, denying an award of attorneys' fees and costs to PHL due to their negligence necessitating this interpleader action, and declaring that Lois Collins is the 100% sole beneficiary under the terms of the Policy and award her the entire amount of the death benefit as determined under the Policy.

### Reservation of Right to Amend

Defendant Lois Collins hereby reserves the right to amend these affirmative defenses, as discovery has yet to begin and may reveal additional facts and legal issues warranting the pleading of additional affirmative defenses.

Dated this 4th day of June, 2021.

> s/ Clay A. Deatherage_____
> Clay A. Deatherage
> Florida Bar Number: 672920
> L. Reed Bloodworth
> Florida Bar No. 0718491
> **Bloodworth Law, PLLC**
> 801 N. Magnolia Ave., Ste. 216
> Orlando, Florida 32803
> Telephone: (407) 777-8541
> Primary: Reed@LawyerFightsForYou.com
> Primary: CDeatherage@LawyerFightsForYou.com
> Sec. Email: CAcedo@LawyerFightsForYou.com
> *Attorneys for Defendant Lois A. Collins*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 4, 2021 a true and correct copy of this document was electronically served through the which will send Notice of Electronic Filing to all ECF participants.

<u>s/ Clay A. Deatherage</u>
Clay A. Deatherage
Florida Bar Number: 672920
L. Reed Bloodworth
Florida Bar No. 0718491
**Bloodworth Law, PLLC**
801 N. Magnolia Ave., Ste. 216
Orlando, Florida 32803
Telephone: (407) 777-8541
Primary: Reed@LawyerFightsForYou.com
Primary: CDeatherage@LawyerFightsForYou.com
Sec. Email: CAcedo@LawyerFightsForYou.com
*Attorneys for Defendant Lois A. Collins*

## DEFENDANT/COUNTER-PLAINTIFF LOIS COLLINS' COUNTERCLAIM AGAINST PLAINTIFF/COUNTER DEFENDANT PHL VARIABLE INSURANCE COMPANY

Defendant/Counter-Plaintiff Lois Collins, through her undersigned counsel and pursuant to Federal Rule of Civil Procedure 13(a), brings this Counterclaim against Plaintiff/Counter-Defendant PHL Variable Insurance Company ("PHL"), and alleges as follows:

### PARTIES

1.     Lois Collins is a citizen of Florida and is the legitimate sole beneficiary under the Policy.

2.     PHL is a corporation organized and existing under the laws of the state of Connecticut and issued the Policy to Robert Collins in the state of Florida, entering into the Policy and all related forms and communications in the state of Florida.

### JURISDICTION AND VENUE

3.     This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because PHL is a citizen of a Connecticut and Lois Collins is a citizen of Florida and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest, and cost. Additionally, this Court has jurisdiction under Rule 13(a) as this is a compulsory counterclaim against PHL.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 as Lois Collins resides in this District and the transactions that are the subject of this Counterclaim occurred in this District.

## FACTUAL BACKGROUND

5.      On June 2, 2003, Robert Collins applied for a $1,000,000 life insurance policy from Phoenix Life Insurance Company, where Robert Collins signed the application and a witness attested to his signature of the same date (the "Application."). A copy of the Application is attached as **Exhibit "A."**

6.      In the application, Robert Collins' mother, Lois Collins, and Robert Collins' then business partner, Paul Scarborough, were identified as the primary co-beneficiaries (50%/50%)

7.      On August 18, 2003, Phoenix Life Insurance Company (now PHL) issued term life insurance policy no. 40025168 (the "Policy") to Robert Collins in the face amount of $1,000,000.00.

8.      On May 28, 2011, Robert Collins requested a face amount reduction from $1,000,000 million to $500,000. A copy of the Request for Policy Change is attached as **Exhibit "B."**

9.      On or about September 21, 2018, Paul Scarborough died, leaving Lois Collins as the sole 100% beneficiary under the Policy.

10.     On or about July 7, 2020, Robert Collins was diagnosed with terminal Stage 4 endocrine pancreatic cancer.

11.     From July 17, 2020 through October 3, 2020, Robert Collins underwent extensive in-patient radiation and chemo treatments during stays at the hospital, and during this period Robert Collins health rapidly declined.

12.     On or about August 28, 2020, Mark Puig used his unfettered access to Robert Collins cell phone, personal computer and email account, to impersonate Robert Collins in communications with PHL's agents at the Bruce Baltich Insurance Agency ("PHL's Agents") and fraudulently requested a change in beneficiary form for the Policy.

13.     On August 28, 2020, PHL's Agents (Bruce Baltich and Jeimmy Caita) responded by email attaching the beneficiary change form and requiring that Robert Collins execute the form with a disinterested witness attesting to Robert's signature and date the form.

14.     On August 31, 2020, Robert Collins signature was forged and a fraudulent beneficiary change form was submitted to PHL and its agents, which failed to have the required disinterested witness signature and failed to date the form (the "August Form").  The August Form designated Mark Puig as 70% beneficiary and Lois Collins as 30% beneficiary, a copy of which is attached as

Exhibit "C." See also Report of Forensic Document Examiner Thomas Vastrick, attached hereto as **Exhibit "D."**

15.     Upon information and belief, the August Form was not accepted by PHL and/or its agents.

16.     On September 25, 2020, Robert Collins signature was again forged and a second fraudulent beneficiary change form was submitted to PHL and its agents (the "September Form"), which again failed to have the required disinterested witness signature and this time fraudulently backdated the form to February 21, 2020. The September Form again designated Mark Puig as 70% beneficiary and Lois Collins as 30% beneficiary, a copy of which is attached as **Exhibit "E."** See also Report of Forensic Document Examiner Thomas Vastrick.

17.     Robert Collins died on October 8, 2020.

18.     Following Robert Collins death, both Mark Puig and Lois Collins made a claim to PHL for the Policy's death benefit, a copy of which is attached as **Exhibit "F."**

19.     By letter dated December 2, 2020, Lois Collins contested the "validity and legitimacy of the recent changes to the Policy," thus contesting the claim of Mark Puig, a copy of which is attached as **Exhibit "G."**

## COUNT I – DECLARATORY JUDGMENT

20.     Defendant/Counter-Plaintiff Lois Collins realleges the allegations contained in Paragraphs 1 through 19 above as if fully set forth herein.

21.     This is a cause of action for declaratory judgment pursuant to Chapter 86, *Florida Statutes*.

22.     An actual controversy exists between PHL and Lois Collins regarding whether Lois Collins is the sole 100% beneficiary of the Policy and whether PHL's obligations under the terms of the Policy and the required procedures for making any changes to the beneficiaries of Policy were followed by PHL, which controversy may be determined by the judgment of this Court. That dispute is based upon present and ascertainable facts; not hypothetical or conjured facts.

23.     A controversy and dispute exists under the Policy and the requirements of PHL's change of beneficiary form as to the following:

a)      Whether in reviewing the August Form, PHL and its agents followed PHL's obligations for confirming and validating any changes to the beneficiaries of the Policy as contained in the Policy and PHL's change of beneficiary form, as it was not signed by a disinterested witness and was not dated.

b)      Whether in reviewing the September Form, PHL and its agents followed PHL's obligations for confirming and validating any changes to the beneficiaries of the Policy as contained in the Policy and PHL's change of

beneficiary form, as it was not signed by a disinterested witness and was clearly improperly backdated to seven months prior to submission, February 21, 2020.

c)      Whether as a result of the August and September Forms being improperly executed in accordance with PHL's required change of beneficiary form and the terms of the Policy, the purported changes are of no effect and Lois Collins is the 100% sole beneficiary under the terms of the Policy.

d)      Whether Robert Collins signature was forged on the August Form.

e)      Whether Robert Collins signature was forged on the September Form.

f)      Whether as a result of the August and September Forms being forged, the purported changes are of no effect and Lois Collins is the 100% sole beneficiary under the terms of the Policy.

WHEREFORE, Defendant/Counter-Plaintiff Lois Collins seeks a declaration from the Court and respectfully requests this Court to:

a)      Take jurisdiction of this matter and determine and adjudicate the respective priorities, rights and obligations of PHL and Lois Collins under the terms of the Policy.

b)      Declare that the August Form change of beneficiary to the Policy was not executed in compliance with PHL and its agents' requirements, or in accordance with the requirements of the Policy and the change form itself and therefore the change was invalid.

c)      Declare that the September Form change of beneficiary to the Policy was not executed in compliance with PHL and its agents' requirements, or in accordance with the requirements of the Policy and the change form itself and therefore the change was invalid.

d)      Declare that as a result of the August and September Forms being improperly executed in accordance with PHL's required change of beneficiary form and the terms of the Policy, and/or because Robert Collins signature on both forms was forged, the purported changes of beneficiaries are of no effect and Lois Collins is the 100% sole beneficiary under the terms of the Policy, entitled to the entire death benefit as determined under the terms of the Policy.

e)      Declare that Robert Collins signature was forged on the August Form.

f)      Declare that Robert Collins signature was forged on the September Form.

g)      Declare that as a result of the August and September Forms being forged, the purported changes are of no effect and Lois Collins is the 100% sole beneficiary under the terms of the Policy and is entitled to the entire death benefit as determined under the terms of the Policy.

h)      Awarding Counter-Plaintiff Lois Collins her reasonable attorneys' fees and costs;

i)      Denying PHL an award of its attorneys' fees and costs; and

j)      Grant such other and supplemental relief as is appropriate and just and as the Court deems proper.

## COUNT II - NEGLIGENCE AGAINST PHL

24.     Defendant/Counter-Plaintiff Lois Collins realleges the allegations contained in Paragraphs 1 through 19 above as if fully set forth herein.

25.     PHL and its agents required the change of beneficiary form to be signed by a disinterested witness and properly dated.

26.     In reviewing the August Form, PHL and its agents knew or should have known that it was in handwriting and had signature different from any on file for Robert Collins and it was not signed in accordance with the form or Policy requirements as it was not signed by a disinterested witness and was not dated.

27.     In reviewing the September Form, PHL and its agents knew or should have known that it was signed as Robert B. Collins which was different than any previous signature or handwriting on file with PHL, and again was not signed in accordance with the form or Policy requirements as it was not signed by a disinterested witness and was fraudulently backdated to seven months prior to submission, February 21, 2020.

28.     Such obvious inconstancies in handwriting and signatures and failures to comply with the basic requirements of the Policy as laid out in PHL's

agents email and in the change of beneficiary form should have given PHL and its agents notice that the forms were not signed by Robert Collins.

29.     PHL should have exercised reasonable care by requiring confirmation by a disinterested witness signature or notary with an accurate date to confirm and validate that it was indeed Robert Collins who was requesting a change to the Policy's beneficiaries.

30.     In addition, the fact that one form was not accepted by PHL (the August Form) and the second form accepted by PHL (the September Form), which was now signed by Robert B. Collins, and was backdated to seven months prior to submittal (February 2020) should have caused PHL and its agents to further question why were the two form signed with different full names and one not dated and one backdated and further investigated and not accepted a change in beneficiary until a disinterested witness or notary attesting to Robert Collins' authentic signing and dating of the change of beneficiary form.

31.     PHL failed to exercise reasonable care or competence in receiving and validating the August and/or September Form and confirming that it was Robert Collins in fact requesting a change to the Policy. PHL negligently accepted both or either of the August and September Form and as a result of PHL's negligence, Lois Collins has been deprived of her full rights and benefits under the Policy as procured and designated by Robert Collins.

WHEREFORE, Defendant/Counter-Plaintiff Lois Collins seeks a judgment from the Court that PHL was negligent in accepting either the August form or the September form, or both, and that as a result both forms are invalid and of no effect and declaring that Lois Collins is the 100% sole beneficiary under the terms of the Policy and award her the entire amount of the death benefit with interest as determined under the terms of the Policy, and denying an award of attorneys' fees and costs to PHL due to their negligence necessitating this interpleader action, Dated this 4th day of June, 2021.

<div style="margin-left:40%;">

*s/ Clay A. Deatherage*
Clay A. Deatherage
Florida Bar Number: 672920
L. Reed Bloodworth
Florida Bar No. 0718491
**Bloodworth Law, PLLC**
801 N. Magnolia Ave., Ste. 216
Orlando, Florida 32803
Telephone: (407) 777-8541
Primary: Reed@LawyerFightsForYou.com
Primary: CDeatherage@LawyerFightsForYou.com
Sec. Email: CAcedo@LawyerFightsForYou.com
*Attorneys for Defendant Lois A. Collins*

</div>

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 4, 2021 a true and correct copy of this document was electronically served through the which will send Notice of Electronic Filing to all ECF participants.

s/ Clay A. Deatherage
Clay A. Deatherage
Florida Bar Number: 672920
L. Reed Bloodworth
Florida Bar No. 0718491
**Bloodworth Law, PLLC**
801 N. Magnolia Ave., Ste. 216
Orlando, Florida 32803
Telephone: (407) 777-8541
Primary: Reed@LawyerFightsForYou.com
Primary: CDeatherage@LawyerFightsForYou.com
Sec. Email: CAcedo@LawyerFightsForYou.com
*Attorneys for Defendant Lois A. Collins*

## CROSS-CLAIM AGAINST DEFENDANT MARK PUIG

Cross-Claim Plaintiff, Lois A. Collins, through her undersigned counsel and pursuant to Federal Rule of Civil Procedure 13(g), sues Cross–Claim Defendant, Mark Puig, and alleges:

## PARTIES

1.     Plaintiff, Lois A. Collins, is the surviving Mother of Robert Collins, deceased, and is a resident of Orange County, Florida.  She is the 100% sole beneficiary of the Policy.

2.     Defendant, Mark Puig, is the surviving spouse of Robert B. Collins, deceased, and is a resident of Orange County, Florida.

## JURISDICTION

3.     This Court has jurisdiction over this claim and the parties under Rule 13(g) and 28 U.S.C. 1367(a) as this cross claim arises out of the transaction and occurrences that are the subject matter of the interpleader Complaint filed by PHL.

## VENUE

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 as Lois Collins and Mark Puig both reside in this District and the transactions that are the subject of this Crossclaim occurred in this District.

## FACTUAL BACKGROUND

5.      On June 2, 2003, Robert Collins applied for a $1,000,000 life insurance policy from Phoenix Life Insurance Company, where Robert Collins signed the application and a witness attested to his signature of the same date (the "Application."). A copy of the Application is attached as **Exhibit "A."**

6.      In the application, Robert Collins' mother, Lois Collins, and Robert Collins' then business partner, Paul Scarborough, were identified as the primary co-beneficiaries (50%/50%).

7.      On August 18, 2003, Phoenix Life Insurance Company (now PHL) issued term life insurance policy no. 40025168 (the "Policy") to Robert Collins in the face amount of $1,000,000.00.

8.      On May 28, 2011, Robert Collins requested a face amount reduction from $1,000,000 million to $500,000. A copy of the Request for Policy Change is attached as **Exhibit "B."**

9.      On or about September 21, 2018, Paul Scarborough died, leaving Lois Collins as the sole 100% beneficiary under the Policy.

10.     On or about July 7, 2020, Robert Collins was diagnosed with terminal Stage 4 endocrine pancreatic cancer.

11.     From July 17, 2020 through October 3, 2020, Robert Collins underwent extensive in-patient radiation and chemo treatments during stays at the hospital, and during this period Robert Collins health rapidly declined.

12.     On or about August 28, 2020, Mark Puig used his unfettered access to Robert Collins cell phone, personal computer and email account, to impersonate Robert Collins in communications with PHL's agents at the Bruce Baltich Insurance Agency ("PHL's Agents") and fraudulently requested a change in beneficiary form for the Policy.

13.     On August 28, 2020, PHL's Agents (Bruce Baltich and Jeimmy Caita) responded by email attaching the beneficiary change form and requiring that Robert Collins execute the form with a disinterested witness attesting to Robert's signature and date the form.

14.     On August 31, 2020, Mark Puig forged Robert Collins signature and submitted a fraudulent Beneficiary Change form to PHL and its agents, which failed to have the required disinterested witness signature and failed to date the form (the "August Form").  The August Form designated Mark Puig as 70% beneficiary and Lois Collins as 30% beneficiary, a copy of which is attached as **Exhibit "C."** See also Report of Forensic Document Examiner Thomas Vastrick, attached hereto as **Exhibit "D."**

15.     Upon information and belief, the August Form was not accepted by PHL and/or its agents.

16.     On September 25, 2020, Mark Puig again forged Robert Collins signature, this time as Robert B. Collins, and submitted a second fraudulent Beneficiary Change form to PHL and its agents (the "September Form"), which again failed to have the required disinterested witness signature and this time fraudulently backdated the form to February 21, 2020. The September Form again designated Mark Puig as 70% beneficiary and Lois Collins as 30% beneficiary, a copy of which is attached as **Exhibit "E."** See also Report of Forensic Document Examiner Thomas Vastrick.

17.     Robert Collins died on October 8, 2020.

18.     Following Robert Collins death, both Mark Puig and Lois Collins made a claim to PHL for the Policy's death benefit, a copy of which is attached as **Exhibit "F."**

19.     By letter dated December 2, 2020, Lois Collins contested the "validity and legitimacy of the recent changes to the Policy," thus contesting the claim of Mark Puig, a copy of which is attached as **Exhibit "G."**

## COUNT I - INTENTIONAL INTERFERENCE WITH EXPECTANCY OF LIFE INSURANCE BENEFITS AGAINST MARK PUIG

20.     Defendant/Counter-Plaintiff Lois Collins realleges the allegations contained in Paragraphs 1 through 19,  above as if fully set forth herein.

21.    Mark Puig engaged in a fraud by forging the August Form and the September Form to declare himself a 70% beneficiary and Lois Collins a 30% beneficiary and thereby prevented Lois Collins from receiving the 100% death benefit of the Policy per its terms.

WHEREFORE, Defendant/Counter-Plaintiff Lois Collins seeks a judgment from this Court that:

a.    the August Form was improperly executed, and Robert Collins signature was forged by Mark Puig.

b.    the September Form was improperly executed, and Robert Collins signature was forged by Mark Puig.

c.    as a result of the August and September Forms being improperly executed and Robert Collins signature on both forms being forged by Mark Puig, the purported changes of beneficiaries are of no effect and Lois Collins is the 100% sole beneficiary under the terms of the Policy, entitled to the entire death benefit as determined under the terms of the Policy;

d.    Award Counter-Plaintiff Lois Collins punitive damages against Mark Puig along with her reasonable attorneys' fees and costs; and

e.    Grant such other and supplemental relief as is appropriate and just and as the Court deems proper.

## COUNT II - DECLARATORY JUDGMENT

22.     Defendant/Counter-Plaintiff Lois Collins realleges the allegations contained in Paragraphs 1 through 11, 13, 15, and 17 through 19 above as if fully set forth herein.

23.     This is a cause of action for declaratory judgment pursuant to Chapter 86, *Florida Statutes*.

24.     An actual controversy exists between Lois Collins and Mark Puig regarding whether she is the sole 100% beneficiary of the Policy and PHL's obligations under the terms of the Policy and the required procedures for making any changes to the beneficiaries of Policy, which controversy may be determined by the judgment of this Court. That dispute is based upon present and ascertainable facts; not hypothetical or conjured facts.

25.     A controversy and dispute exists under the Policy and the requirements of PHL's change of beneficiary form as to the following:

26.     Whether in reviewing the August Form, PHL and its agents followed PHL's obligations for confirming and validating any changes to the beneficiaries of the Policy as contained in the Policy and PHL's change of beneficiary form, as it was not signed by a disinterested witness and was not dated.

27.     Whether in reviewing the September Form, PHL and its agents followed PHL's obligations for confirming and validating any changes to the

beneficiaries of the Policy as contained in the Policy and PHL's change of beneficiary form, as it was not signed by a disinterested witness and was clearly improperly backdated to seven months prior to submission, February 21, 2020.

28.     Whether as a result of the August and September Forms being improperly executed in accordance with PHL's required change of beneficiary form and the terms of the Policy, the purported changes are of no effect and Lois Collins is the 100% sole beneficiary under the terms of the Policy.

29.     Whether the August Form was improperly executed because Robert Collins' signature was forged.

30.     Whether the September Form was improperly executed because Robert Collins' signature was forged.

31.     Whether as a result of the August and September Forms being forged, the purported changes are of no effect and Lois Collins is the 100% sole beneficiary under the terms of the Policy.

WHEREFORE, Defendant/Counter-Plaintiff Lois Collins seeks a declaration from the Court and respectfully requests this Court to:

a)      Take jurisdiction of this matter and determine and adjudicate the respective priorities, rights and obligations of PHL, Mark Puig, and Lois Collins and under the terms of the Policy.

b)      Declare that the August Form change of beneficiary to the Policy was not executed in compliance with PHL and its agents requirements, or in accordance with the requirements of the Policy and the change form itself and therefore the change was invalid.

c)      Declare that the September Form change of beneficiary to the Policy was not executed in compliance with PHL and its agents requirements, or in accordance with the requirements of the Policy and the change form itself and therefore the change was invalid.

d)      Declare that as a result of the August and September Forms being improperly executed in accordance with PHL's required change of beneficiary form and the terms of the Policy, the purported changes are of no effect and Lois Collins is the 100% sole beneficiary under the terms of the Policy and is entitled to the entire death benefit as determined under the terms of the Policy.

e)      Declare that the August Form was improperly executed because Robert Collins signature was forged.

f)      Declare that the September Form was improperly executed because Robert Collins signature was forged.

g)      Declare that as a result of the August and September Forms being forged, the purported changes are of no effect and Lois Collins is the 100%

sole beneficiary under the terms of the Policy and is entitled to the entire death benefit as determined under the terms of the Policy.

h)     Award Counter-Plaintiff Lois Collins her reasonable attorneys' fees and costs; and

i)     Grant such other and supplemental relief as is appropriate and just and as the Court deems proper.

Dated this 4th day of June, 2021.

*s/ Clay A. Deatherage*_____
Clay A. Deatherage
Florida Bar Number: 672920
L. Reed Bloodworth
Florida Bar No. 0718491
**Bloodworth Law, PLLC**
801 N. Magnolia Ave., Ste. 216
Orlando, Florida 32803
Telephone: (407) 777-8541
Primary: Reed@LawyerFightsForYou.com
Primary: CDeatherage@LawyerFightsForYou.com
Sec. Email: CAcedo@LawyerFightsForYou.com
*Attorneys for Defendant Lois A. Collins*

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2021 a true and correct copy of this document was electronically served through the which will send Notice of Electronic Filing to all ECF participants.

*s/ Clay A. Deatherage*_____
Clay A. Deatherage

Florida Bar Number: 672920
L. Reed Bloodworth
Florida Bar No. 0718491
**Bloodworth Law, PLLC**
801 N. Magnolia Ave., Ste. 216
Orlando, Florida 32803
Telephone: (407) 777-8541
Primary: Reed@LawyerFightsForYou.com
Primary: CDeatherage@LawyerFightsForYou.com
Sec. Email: CAcedo@LawyerFightsForYou.com
*Attorneys for Defendant Lois A. Collins*

EXHIBIT A

## ◈ PHOENIX
PO Box 8027
Boston MA 02266-8027

**Application for Life Insurance**
Part I

Company is defined as indicated below: **(check one)**

☒ Phoenix Life Insurance Company ☐ PHL Variable Insurance Company ☐ Phoenix Life and Annuity Company

### Section I - Proposed Insured

| Print Name as it is to appear on policy (First, Middle, Last) | Sex | Birthdate (Month, Day, Year) |
|---|---|---|
| ROBERT COLLINS | ☒ Male ☐ Female | Feb REDACTED |

| Birthplace (State or Country) | United States Citizen |
|---|---|
| Miami Florida | ☒ Yes ☐ No    REDACTED |

| Marital Status |
|---|
| ☒ Single ☐ Married ☐ Widowed ☐ Divorced ☐ Separated |

| Home Address (Include Street, Apt. Number, City, State, and ZIP Code) | Home Telephone Number |
|---|---|
| REDACTED | |

Give Prior Address if address less than 2 years (Include Street, Apt. Number, City, State, and ZIP Code)

| Current Occupation and Duties | Employer | Length of Employment |
|---|---|---|
| Developer | Self ← 5yrs | 15yrs Cont. (racing) |

Business Address (Include Street, Apt. Number, City, State, and ZIP Code)    Bus. Phone No. (Include Ext.) ( )

Email Address

### Section II - Ownership

☒ A. Insured
☐ B. Successive Owners
☐ B1. Owners Jointly
☐ C. Corporation, its successors or assigns (Include state of incorporation)

☐ D. Partnership (Include Name of all Partners - if partnership is limited, indicate which partners are general partners)
☐ E. Sole Proprietorship (Include Name of Sole Proprietor)
☐ F. Trust (Include Name and Date of Trust, Name of Trustee(s) and Grantor)

(Complete section below if **B, C, D, E** or **F** are checked.)

If Owner is other than Proposed Insured, Premium Notice will be sent to:

Owner's Name _____

Mailing Address _____
Owner's Email Address _____
Social Security or Tax I.D. Number _____ Relationship _____ Date of Birth _____

**Contingent Owner**
Name _____ Date of Birth _____
Relationship _____
**Ultimate Owner:** Check one. If none checked, insured will be ultimate owner.
☐ Insured  ☐ Executor or administrator of the survivor of the primary and contingent owners

### Section III - Beneficiary Designation

PAUL SCARBOROUGH – SHARE ALIKE

| Primary Beneficiary LOIS COLLINS & SCARBOROUGH - SHARE | Relationship to Proposed Insured MOTHER & BUSINESS PARTNER | Date of Birth (If Available) | Social Security No. (If known) |
|---|---|---|---|

☐ If this box is checked, each of the Contingent Beneficiaries listed shall receive an equal interest.

| First Contingent Beneficiary | Relationship to Proposed Insured | Date of Birth (If Available) | Social Security No. (If known) |
|---|---|---|---|
| | | | |

| Second Contingent Beneficiary | Relationship to Proposed Insured | Date of Birth (If Available) | Social Security No. (If known) |
|---|---|---|---|
| | | | |

**If Trust is primary beneficiary: (check one)**
☐ Trust under Insured's will
☐ Inter vivos - Name of Trustee _____
    Date of Trust _____

To qualify for payment, beneficiary must be living: (Check A or B, otherwise A will apply)
☒ A. at the Proposed Insured's death.    ☐ B. on the 30th day after the date of the Proposed Insured's death.

OL2773FL    1 of 6    v05211132163390    4-02

EXHIBIT A

## Section IV - Coverage Applied For

| Plan of Insurance | Basic Policy Amount |
|---|---|
| VALUE TERM -20 | $ 1,000,000 |

## Section V - VARIABLE/UNIVERSAL PLANS of Insurance - Riders and Features

| First Year Anticipated, BILLED Premium (Excluding 1035 Exchange, Lump Sum Funds, etc.) | Subsequent Planned Annual Premium |
|---|---|

| | |
|---|---|
| ☐ Disability Waiver of a Specified Amount | **Death Benefit Option:** (check one) If none checked, Option 1 will apply. |
|    Amount S_____ | ☐ Option 1 - Level Face Amount |
| ☐ Accidental Death Benefit Rider | ☐ Option 2 - Increasing Face Amount |
| ☐ Death Benefit Protection Rider | **Face Amount Increase Options:** |
|    ☐ Age 70   ☐ Age 80   ☐ Age 100 | ☐ _____% percentage Increase |
| ☐ Purchase Protector _____ units | ☐ S_____ Fixed Dollar Increase |
| ☐ Child's Term Rider | ☐ Increase Equal to Premiums Paid |
| ☐ Family Term Rider | **Policy Option:** (check one) If none checked, Option A will apply. |
| ☐ Living Benefit Rider | ☐ Policy Option A |
| ☐ Guaranteed Death Benefit Rider | ☐ Policy Option B |
| ☐ Guaranteed Extension Rider | ☐ Policy Option C |
| ☐ Cash Value Accumulation Rider | ☐ Other _____ |
| ☐ Age 100 + Rider | ☐ Other _____ |
| ☐ Individual Term Rider S _____ | ☐ Other _____ |
| | ☐ Other _____ |

**Temporary Money Market Allocation**

If the state of issue does not require refund of premium during the Right To Cancel Period, but you prefer to temporarily allocate your premiums to the Money Market subaccount until the end of the Right to Cancel Period, as stated in the policy, indicate: ☐ Yes ☐ No

**Telephone/Electronic Authorization**

**I will receive this privilege automatically.** By checking "Yes," I am authorizing and directing the Company to act on telephone or electronic instructions from my licensed agent who can furnish proper identification. The Company will use reasonable procedures to confirm that these instructions are authorized and genuine. As long as these procedures are followed, the Company and its affiliates and their directors, trustees, officers, employees, representatives and/or agents, will be held harmless for any claim, liability, loss or cost. ☐ Yes ☐ No

**Electronic Delivery Authorization**

By checking "Yes," I am authorizing the Company to provide my statements, prospectuses and other information electronically if available. I understand that I must have Internet access to use this service and there may be access fees charged by the Internet service provider. ☐ Yes ☐ No

## Section VI - Suitability

Do you understand that if you have purchased a Variable Life Policy and the Death Benefit may be variable or fixed under certain conditions and that the Death Benefit and Cash Values under any Variable Policy may increase or decrease in amount or duration based on the investment experience of the underlying subaccounts and is not guaranteed as to fixed dollar amount? ☐ Yes ☐ No

If you are purchasing a Variable Life Policy, do you believe it is suitable to meet your financial objectives? ☐ Yes ☐ No

If I have purchased a Variable Life Policy, I confirm that I have received the prospectus for that policy and its underlying funds.

Illustrations of benefits including death benefits, policy values and cash surrender values are available on request.

## Section VII - Complete if Temporary Insurance is Requested

If either of the following questions are answered "Yes" or left blank, no agent or broker is authorized to accept money and a Temporary Insurance Agreement may **not** be issued, and no coverage will take effect.

| Yes | No | |
|---|---|---|
| ☐ | ☒ | 1. Within the past two years have you been treated for heart disease, stroke, or cancer or had such treatment recommended? |
| ☐ | ☒ | 2. Within the past 60 days have you been scheduled or advised to have any diagnostic test (excluding HIV) tests or surgery not yet performed? |

S 375⁰⁰ has been paid by Robert Collins to the Licensed Agent/Registered Representative indicated in this application, for proposed insurance applied for in this application. This sum is to be applied in accordance with and subject to the terms of the **Temporary Insurance Receipt** bearing the same number as this application.

## Section VIII - TERM/WHOLE LIFE PLANS of Insurance - Riders and Features

[ ] Accidental Death Benefit
[ ] Disability Waiver of Premium on Insured
[ ] Purchase Protector _____ units
[ ] Family Protection
[ ] Children's Protection _____ units
[ ] Living Benefit Rider
[ ] Other _____

Cost of Living is automatic (No COL for Term products) unless this box is checked [ ] I do not desire Cost of Living

Additional Death Benefit Riders:
Primary Insurance Term Rider (PITR) $ _____
Other Rider Name _____ Amount $ _____

[ ] Paid-Up Additions Purchase Options Rider (PAPOR) (check one)
[ ] PAPOR A-Flexible  [ ] PAPOR B-Flexible with Optionterm
Number of years payable _____
Intended premium payments for the first 7 years:
Year 1 _____   Year 5 _____
Year 2 _____   Year 6 _____
Year 3 _____   Year 7 _____
Year 4 _____   Maximum Amount $ _____

**Dividend Option:**
[ ] Optionterm
Optionterm Death Benefit $ _____
Premium Paying Coverage [ ] Yes  [ ] No  or
% of Increase _____
[ ] Accumulate at Interest (ACCUM)
[ ] Paid-up Additional Insurance (PUA)
[ ] One Year Term with Balance to:
[ ] Cash  [ ] PUA  [ ] ACCUM  [ ] RP
[ ] Reduce Premium (RP)
[ ] Cash
[ ] Other _____
[ ] Other _____

Automatic Premium Loan, if applicable
[ ] Yes  [ ] No

Policy Loan Interest Rate, if applicable (If none checked, "Variable" will apply.)
[ ] Variable  [ ] Fixed

## Section IX - Mode of Premium Payment - (Please note, there is a higher cost associated with the purchase of a Whole Life or Term policy, if the mode of payment is other than on an annual pay basis. Please consult with your Licensed Agent/Registered Representative.)

[ ] Annual
[ ] Monthly (Variable Life Insurance only)
[X] Quarterly
[ ] PCS (Phoenix Check-O-Matic Service)
Minimum Monthly Check for Each Service - $25.00
[ ] Semi-Annual

Multiple Billing Option - Give # or Details _____
[ ] List Bill  [ ] Employee Insurance Counseling Service (EICS)  [ ] Salary Allotment  [ ] Pension  [ ] Money Purchase Pension
[ ] Other _____

**If electing PCS, complete the following:**
Existing Policy Number or PCS File Number _____

**Authorization Agreement for Preauthorized Payments**
I (we) hereby authorize the Company (Note: Company is defined as indicated on page 1 of application) to initiate debit entries to my (our) checking account and the depository named below.

**Information for New Account**
Attach a void check to furnish encoding details.
If the depositor's name is not imprinted on the check, fill it in here exactly as it appears in the bank records.

**Attach Void Check Here**

Signature of depositor (if different from owner) ✓ _Saunt Collins_

Send premium notices to: (in addition to owner)
[ ] Insured at:  [X] Home Address  [ ] Business Address
[ ] Other (Name, Relationship to Owner and Address) _____

[ ] Secondary Addressee (Name and Address) _____

OL2773FL     3 of 6     v05211132163390     4-02

EXHIBIT A

## Section X - Existing Life Insurance

Describe all additional coverage in force. Include individual and group. If no coverage in force, check here ☐.

| Company | Issue Date | Plan | Amount | Personal | / Business |
|---|---|---|---|---|---|
| NONE | | | $ | ☐ | ☐ |
| | | | $ | ☐ | ☐ |
| | | | $ | ☐ | ☐ |

Total Life Insurance in force (if none, indicate) $_____     Total Accidental Death Benefit in force (if none, indicate) $_____

| Yes | No | | |
|---|---|---|---|
| ☐ | ☒ | 1. | Are there any life insurance policies or annuity contracts, owned by, or on the life of, the applicants or the insureds or the owner(s) or the annuitant? |
| ☐ | ☒ | 2. | With this policy, do you plan to replace (in whole or in part) now or in the future any existing life insurance or annuity contract in force with this policy? |
| ☐ | ☒ | 3. | Do you plan to utilize values from any existing life insurance policy or annuity contract (through loans, surrenders or otherwise) to pay any initial or subsequent premium(s) for this policy? |

For all "Yes" answers above, please provide the following information

| Company | Issue Date | Plan | Amount | Personal | / Business |
|---|---|---|---|---|---|
| | | | $ | ☐ | ☐ |
| | | | $ | ☐ | ☐ |
| | | | $ | ☐ | ☐ |

## Section XI - Income

a. Earned Income  80,000     b. Independent Income     c. Net Worth  1.83 million

## Section XII - Additional Information

| Yes | No | | |
|---|---|---|---|
| ☐ | ☒ | 1. | Have you used tobacco or nicotine products in any form in the last 10 years? If "Yes," please circle the product(s) used: cigarettes, cigars, pipes, snuff, smokeless or chewing tobacco, nicotine patch or gum. If "Yes," check one: ☐ Use currently   ☐ Date quit_____. |
| ☐ | ☒ | 2. | Have you ever applied for life, accident, or health insurance and been declined, postponed, or been offered a policy differing in plan, amount or premium rate from that applied for? (If "Yes," give date, company and reason). |
| ☐ | ☒ | 3. | Are you negotiating for other insurance? (If "Yes," name companies and total amount to be placed in force.) |
| ☐ | ☒ | 4. | Do you intend to live or travel outside the United States or Canada? (If "Yes," state where and for how long). |
| ☐ | ☒ | 5. | Have you flown during the past three years as a pilot, student pilot or crew member? (If "Yes," complete Aviation Questionnaire). |
| ☐ | ☒ | 6. | Have you participated in the past 3 years or plan to engage in any extreme sport activities such as motorized vehicle, or parachute jumping, or underwater diving, or any other extreme avocation? (If "Yes," complete Avocation Questionnaire). |
| ☐ | ☒ | 7. | Have you in the past three years been the driver of a motor vehicle involved in an accident, or charged with a moving violation of any motor vehicle law, or had your driver's license suspended or revoked? |
| ☐ | ☒ | 8. | Have you ever been convicted of a felony or do you have charges pending? |

Give full details for all "Yes" answers above. If necessary, use an additional piece of paper and please sign it.

| Question # | Details |
|---|---|
| | |
| | |
| | |
| | |
| | |

EXHIBIT A

**Section XIII - Medical History (Not necessary to complete if medical or paramedical exam has been ordered)**

| Height | Weight | Has your weight changed by 10 pounds or more in the past 2 years? |
|---|---|---|
| 5'10" | 199 | If "yes", how much _____ pounds ☐ Gain ☐ Loss |

| Family History: | Age if Alive | Age at Death | If alive, indicate health problems or if deceased, indicate cause of death: | Family History: | Age if Alive | Age at Death | If alive, indicate health problems or if deceased, indicate cause of death: |
|---|---|---|---|---|---|---|---|
| Father ☐ Alive ☒ Deceased | | 65 | REDACTED | Mother ☐ Alive ☐ Deceased | | 70 | |

**Personal Physician:** Please provide the name and address of your personal physician or health care provider, date of most recent visit, reason for visit, and results of treatment (if any):

DR GARY YOUNG (407) 843-1180
1723 LUCERNE TERRACE
ORLANDO, FLORIDA

Has anyone in your immediate family developed any hereditary condition, cancer, or heart disease before age 60? ☐ Yes (please provide details below) ☒ No

Have you ever had, or been told by a physician or other health care provider that you have:

1. High blood pressure or hypertension?
2. Pain, pressure, or discomfort in the chest, angina pectoris, palpitations, swelling of the ankles, or undue shortness of breath?
3. Heart disease, coronary artery disease, cardiomyopathy, heart failure, atrial fibrillation, heart rhythm abnormality, heart murmur, congenital heart disease or valvular heart disease?
4. Peripheral vascular disease, claudication, narrowing or blockage of arteries or veins?
5. Asthma, pulmonary fibrosis, chronic cough, emphysema, pneumonia, or any other lung disease?
6. Neurologic disease, seizures, fainting, falls, concussion, stroke, transient ischemic attack (TIA), tremor, neuropathy, weakness, Parkinson's disease, memory loss, dementia, or any other disease of the brain or nervous system?
7. Depression, bipolar disorder, schizophrenia, anxiety, or other psychiatric illness?
8. Arthritis, lupus, or any musculoskeletal or skin disorder?
9. Ulcers, abdominal pain, colitis, Crohn's disease, gall bladder disease, liver disease, hepatitis, jaundice, pancreatitis, or any other disease of the gastrointestinal system?
10. Diabetes, kidney disease, kidney stones, bladder disorder, prostate disorder, protein or blood in the urine?
11. Endocrine disorder, including disorder of the thyroid, parathyroid, adrenal, or pituitary glands?
12. Tested positive for exposure to the HIV infection or been diagnosed as having ARC or AIDS caused by the HIV infection or other sickness or condition derived from such infection?
13. Anemia, bleeding or clotting disorder, or any other disorder of the blood or bone marrow?
14. Cancer of any type, tumor (benign or malignant), leukemia, lymphoma, or Hodgkin's disease?
15. Are you taking any kind of medicine, therapy, or treatment regularly or at frequent intervals?
16. Have you ever been treated for alcoholism or been advised to limit or stop your use of alcohol?
17. Have you ever used narcotics, barbiturates, amphetamines, hallucinogens, or any prescription drug except in accordance with a physician's instructions?
18. Have you ever been a patient in any hospital, treatment center, similar facility within the last 10 years?
19. Have you had, or been advised to have, any surgery, X-rays, electrocardiograms, blood studies (excluding HIV or AIDS tests) or other tests within the last 5 years?
20. Other than above, have you had any other physical or psychological disorder or been treated by a physician or other health care provider for any reason within the past 5 years?

Please provide details of "YES" answers (include question number, diagnosis, date of occurrence, hospital or treating physician's name and address, and current status. Use OL1590 if additional space is necessary to record all details.

REDACTED

Phoenix reserves the right to require additional medical information, medical examination or testing to complete the underwriting process.

## Authorization To Obtain Information

I authorize any physician, health care provider, hospital, clinic or other medically-related facility, insurance company or the Medical Information Bureau (MIB), having any records or knowledge of me or my health, to provide any such information to Phoenix Life Insurance Company and its affiliated insurers (Phoenix) or its reinsurers. I authorize any of the above sources to release to Phoenix or its reinsurers any of my information relating to alcohol use, drug use and mental health care.

Medical information will be used only for the purpose of risk evaluation and determining eligibility for benefits under any policies issued. Phoenix may disclose information it has obtained to others as permitted or required by law, including the MIB, our reinsurers and other persons or entities performing business or legal services in connection with this application, any contract issued pursuant to it or in connection with the determination of eligibility for benefits under an existing policy. Information that is not personally identifiable may be used for insurance statistical studies.

If insurance on any minor child is applied for, this authorization extends to records and knowledge of that child and that child's health. To facilitate rapid submission of information, I authorize all of the above sources, except MIB, to give such records or knowledge to any agency employed by Phoenix to collect and transmit such information.

I authorize consumer reporting agencies, insurance companies, motor vehicle departments, my attorneys, accountants and business associates and the MIB to provide any information to Phoenix or its reinsurers that may affect my insurability. This may include information about my occupation, participation in hazardous activities, motor vehicle record, foreign travel, finances, and other insurance coverage in place.

I acknowledge that I have received a copy of the Notice of Information Practices, including information about Investigative Consumer Reports and the Medical Information Bureau. I authorize the preparation of an investigative consumer report.

This authorization shall continue to be valid for thirty months from the date it is signed unless otherwise required by law. A photocopy of this signed authorization shall be as valid as the original. This authorization may be revoked by writing to Phoenix prior to the time the insurance coverage has been placed in force. I understand my authorized representative or I may receive a copy of this authorization on request.

☐ I do ☑ I do not (check one) require that I be interviewed in connection with any investigative consumer report that may be prepared.

I have reviewed this application, and the statements made herein are those of the proposed insured and all such statements made by the proposed insured in Part I or and in Part II of this application are full, complete, and true to the best knowledge and belief of the undersigned and have been correctly recorded.

I understand that i) no statement made to, or information acquired by any Licensed Agent/Registered Representative who takes this application, shall bind the Company unless stated in Part I and/or Part II of this application, and ii) the Licensed Agent/Registered Representative has no authority to make, modify, alter or discharge any contract thereby applied for.

I understand and agree that the insurance applied for shall not take effect unless and until each of the following has occurred: the policy has been issued by the Company; the premium required for issuance of the policy has been paid in full during the lifetime of the insured; all the representations made in the application remain true, complete and accurate as of the latest of such dates, and there has been no change in the health of any proposed insured that would change the answers to any of the questions in the application

I understand that if there is any change in my health or physical condition, or if I visit a physician or am hospitalized, subsequent to the date I complete the application or provide any information to be contained in the application, I will inform the Company as soon as possible.

Under penalty of perjury, I confirm that (a) the Social Security or Tax Identification Number shown above is correct, and (b) that I am not subject to back-up withholding. (Strike this out and initial if not true).

Any person who knowingly and with intent to injure, defraud, or deceive any insurer files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony of the third degree.

If I have applied for the Living Benefit Rider, I confirm that I have received a copy of the disclosure form, Summary of Coverage for Accelerated Benefit Rider.

| Proposed Insured's Signature | State Signed In 6-2-03 | Witness (Must be signed in presence of Proposed Insured) | Date 6-2-03 |
|---|---|---|---|
| Owner's Signature (if other than Proposed Insured) | State Signed In | Witness (Must be signed in presence of Owner) | Date |
| Parent's Signature (for minor insured) | State Signed In | Witness (Must be signed in presence of Parent) | Date |

The Producer hereby confirms he/she has truly and accurately recorded on the application the information supplied by the Proposed Insured; and that he/she is qualified and authorized to discuss the contract herein applied for.

Will the proposed insured replace (in whole or in part) any existing life insurance or annuity contract in force with the policy applied for? ☐ Yes ☑ No

Will the proposed insured utilize values from another insurance policy (through loans, surrenders or otherwise) or annuity to pay for the initial or subsequent premium(s) for the policy applied for? ☐ Yes ☑ No

Are there any life insurance policies or annuity contracts owned by or on the life of the applicants or the insureds or the owner(s) or the annuitant? ☐ Yes ☑ No

| Lic.Agt./Reg. Rep's Name (Print) Bruce W. Baltich | Lic. Agt./Reg. Rep's Email Address bruce.baltich.Jvg4@statefarm.com |
|---|---|
| Lic.Agt./Reg. Rep's Signature X | Date 6/2/03 | Agt/Reg. Rep.'s Lic. I.D. No. 900212 | Lic. Agt./Reg. Rep.'s Telephone No. (407) 273-9170 |
| Broker / Dealer Name and Address | Broker/Dealer Number |

OL2773FL          6 of 6          4-02

v05211132163390

EXHIBIT A

◈ **PHOENIX**   Phoenix Life Insurance Company and its subsidiaries
PO Box 8027
Boston MA 02266-8027

**Producer's Report**

Date 2 June 03

**1. Describe the Proposed Insured**
a. Name of proposed insured(s) Robert Collins
b. How long have you known proposed insured? _____
State relationship _____
c. Is the proposed insured an existing Phoenix Life customer?
☐ Yes  ☒ No
d. Is there other life insurance in force on the life of the proposed
insured?  ☐ Yes  ☒ No
Type of policy and amount _____
Type of policy and amount _____
e. Are you submitting applications on this life to another company?
☐ Yes  ☒ No
Company(s) and amount(s) _____
Total amount to be placed with all companies _____
f. Do any proposed beneficiaries reside outside of the U.S.?
☐ Yes  ☒ No
g. What is a convenient time for a personal history interview?
Anytime

**2. Describe the Market (Check all that apply)**
a. ☐ Personal Market:
 • Household Net Worth:
  ☐ Less than $250,000  ☐ $250,000-$499,999
  ☐ $500,000-$1,000,000  ☒ More than $1,000,000
 • Household Income:
  ☐ Less than $50,000  ☐ $50,000-$74,999
  ☒ $75,000-$99,999  ☐ $100,000-$150,000
  ☐ More than $150,000
 • Number of workers in household? 1
 • Proposed Insured's occupation:
  ☐ Business Owner  ☐ Senior Corporate Executive
  ☐ Professional  ☐ Manager
  ☐ Retired
  ☐ Assoc. of Professional Firm
  ☒ Partner/Principal/Sole Prop. of Professional Firm
  ☐ Other _____
 • Specific Profession:
  ☐ CPA/Accountant  ☐ Attorney
  ☐ Physician  ☐ Dentist
  ☐ Engineer  ☐ Teacher
  ☐ Other Developer (land)
 • Insurance Need(s):
  ☐ Income Replacement  ☐ Retirement Funding
  ☐ Estate Liquidity  ☐ Educational Funding
  ☒ Other MOTHER & PARTNER

b. ☐ Business Market:
 • Type of Business Market:
  ☐ Family Business
  ☒ Small Business -
  (Less than 100 employees)
  ☐ Professional Firm
  ☐ Large Corp. Market
  ☐ Government
  ☐ Non-Profit Organization
  *Continue in next column.*

**2. Business Market (continued)**
 • Type of Business:
  ☒ Partnership  ☐ Sole Proprietorship
  ☐ Corporation  ☐ Limited Liability Company
  ☐ S Corporation
  • Year formed? _____
  • Net worth of business? _____
  • Number of employees? _____
  • Annual Sales? _____
 • Insurance Need(s):
  ☒ Buy-Sell Funding  ☐ Executive Bonus
  ☐ Deferred Compensation  ☐ Split Dollar
  ☒ Other Mother - Buy sell -
 • Names and titles of key executives:
  Name Robert Collins
  Title Partner  % Ownership 50%
  Name Paul Scarborough
  Title Partner  % Ownership 50%
  Name _____
  Title _____  % Ownership _____

Complete information in box if applicable.
Citizenship (Complete only if not a U.S. citizen.)
 • Length of residence in U.S. _____
 • Type of visa held _____
 • Does proposed insured plan to become a U.S. citizen?
  ☐ Yes  ☐ No
 • Is the proposed insured married to a U.S. citizen?
  ☐ Yes  ☐ No
 • Does the proposed insured speak and understand English?
  ☐ Yes  ☐ No
Employment: (Complete only if proposed insured is not employed.)
 • Who will pay premiums? _____
 • What is the amount of insurance on spouse's life for the
  benefit of the proposed insured? _____
 • What is the income and occupation of the premium payor? _____

**3. Describe the Fact-finding (Check all that apply)**
a. ☐ I used personal and/or telephone interviews to identify the
 customer's goals and product needs.
  Date _____ Place _____
  Date _____ Place _____
  Date _____ Place _____
b. ☐ I used the following tools to identify the customer's goals
 and product needs.
  ☐ Self Security Data-taker  ☐ Self Security Profiles
  ☐ Tax Returns  ☐ Financial Statements
  ☐ Marketing Fact-finder  ☐ Illustration Systems
  ☐ Capital Needs Analysis  ☐ Estate Planning Software
  ☐ Pension or Profit Sharing Software
  ☒ Other DISCUSSED FNA -CLIENT
  STATED SPECIFIC GOALS

OL2143

v05211132163390

11-01

EXHIBIT A

## 4. Describe the Sale (Check all that apply)

**a.** Type of Solicitation:
- ☐ Self Security Analysis
- ☐ Salary Savings (EICS)
- ☐ Business Insurance
- ☐ Salary Allotment
- ☐ Employee 501(c)(3)
- ☒ Gift or Living Legacy

**b.** What alternative products were considered and why were they not chosen by the customer? __U.L / Cost__

**c.** Did you give proposed insured a Buyer's Guide at application, or will you deliver with policy?
- ☐ At Time of Application   ☒ At Policy Delivery

**d.** Will the policy date be current? (Not applicable to variable policies)
- ☒ Yes  ☐ No
- Specify date _____
- Specify age to save _____

## 5. Check for Replacement

N/A

**a.** Is this insurance intended to replace (in whole or in part) any existing insurance or annuity in this or any other company?
- ☐ Yes  ☒ No

**b.** Check the reasons for the sale (Check all that apply)
- ☐ More favorable underwriting classification.
- ☐ Availability of new coverage or improved benefits from Phoenix Life product.
- ☐ Consolidation of coverage with one insurer.
- ☐ Ability to obtain the same or increased coverage from Phoenix Life without an increased projected cost.
- ☐ Ability to obtain less expensive coverage from Phoenix Life based on guaranteed values and benefits.
- ☐ Ability to obtain less expensive coverage from Phoenix Life based on illustrated non-guaranteed values and benefits.
- ☐ Current carrier was unable/unwilling to modify existing policy/annuity to meet customer's objectives.
- ☐ Ability to convert a heavily-loaned policy into a new policy.
- ☐ Historical premium funding of existing policy will not support future premiums.
- ☐ Customer needed different type of product than currently owned.
- ☐ Restructuring ownership; existing policy cannot be transformed to meet current needs.
- ☐ Other. Explain in Additional Comments.

N/A

**c.** If there was an existing policy or annuity at the time of the solicitation, did any of the following transactions take place with the existing policy in the last 13 months, or are any likely to occur in the future?
- ☐ Lapse
- ☐ Surrender (partial or full)
- ☐ §1035 exchange; estimated premium amount $_____
- ☐ Reduced paid up status
- ☐ Converted to term insurance, reduced death/annuity benefit
- ☐ Reduced face amount
- ☐ Dividend(s) released to pay new coverage
- ☐ Paid-up addition(s) surrendered to pay premiums
- ☐ Future cash outlay reduced
- ☐ Assigned as loan collateral
- ☐ Policy loans made to pay premiums
- ☐ Dividend accumulations withdrawal(s)
- ☐ Paid-up addition withdrawal(s)
- ☐ Continued with a premium stoppage
- ☐ Continued with a premium reduction

*Continue in next column.*

## d.
N/A
Was customer given the Phoenix Life replacement brochure (OL2445) and other state-required replacement disclosures?
- ☐ Yes  ☐ No

## e.
N/A
A transaction has occurred that, together with this sale, might appear to be a replacement. However, this is **not** a replacement because:
- ☐ The customer used values from an existing policy/annuity for purposes unrelated to this purchase. (Describe actual use of funds in "Additional Comments" section below.)
- ☐ This sale was exempt from replacement form requirements, based on governing state law.
- ☐ The customer restored removed values to the existing policy or annuity.
- ☐ Transaction and reasons why no replacement forms are needed are described in "Additional Comments" section below.

**Additional Comments**

_____
_____
_____
_____
_____
_____

**Agent's Statement**

I agree that no person other than the undersigned shall profit by any commission on insurance issued on this application. (Note: Accurate statement of any division of commission must be made in the space below.) Commission will be paid as described according to contracts on file at the Home Office. Please enter names in the order you wish them to appear on the policy.

The Producer hereby confirms that the Proposed Insured(s) and Owner(s) if different from Proposed Insured(s), signed this application in his/her presence; that the Producer has truly and accurately recorded on the application the information supplied by the proposed insured(s); and that he/she is qualified and authorized to discuss the contract herein applied for.

Print Agent's Name __Bruce Bartich__

Agent Code Number __59-6445__   Contract Type _____

Signature _____

| | First Year Commissions | | Renewal Commissions | |
|---|---|---|---|---|
| ☒ Selling | Base % | PAPOR % | Base % | PAPOR % |
| ☐ Servicing | 100 | | 100 | |
| ☐ Both | | | | |

Print Agent's Name _____   Agent Code Number _____

Signature _____   Contract Type _____

| | First Year Commissions | | Renewal Commissions | |
|---|---|---|---|---|
| ☐ Selling | Base % | PAPOR % | Base % | PAPOR % |
| ☐ Servicing | | | | |
| ☐ Both | | | | |

Print Agent's Name _____   Agent Code Number _____

Signature _____   Contract Type _____

| | First Year Commissions | | Renewal Commissions | |
|---|---|---|---|---|
| ☐ Selling | Base % | PAPOR % | Base % | PAPOR % |
| ☐ Servicing | | | | |
| ☐ Both | | | | |

Agency Manager's Signature _____

Administrative Manager's Signature _____

900212

EXHIBIT A



Phoenix Life Insurance Company
PHL Variable Insurance Company
Phoenix Life and Annuity Company

**Authorization to Release**
**Medical Information**

## THIS AUTHORIZATION COMPLIES WITH THE HIPAA PRIVACY RULE

Robert Collins

Name of proposed insured/patient (please print)

REDACTED

Date of Birth

I authorize any health plan, physician, health care professional, hospital, clinic, laboratory, pharmacy, medical facility, or other health care provider that has provided payment, treatment or services to me or on my behalf within the past 10 years ("My Providers") to disclose my entire medical record and any other protected health information concerning me to Phoenix Life Insurance Company (Phoenix) or its subsidiaries, its agents, employees, and representatives. This includes information on the diagnosis or treatment of Human Immunodeficiency Virus (HIV) infection and sexually transmitted diseases. This also includes information on the diagnosis and treatment of mental illness and the use of alcohol, drugs, and tobacco, but excludes psychotherapy notes.

By my signature below, I acknowledge that any agreements I have made to restrict my protected health information do not apply to this authorization and I instruct any physician, health care professional, hospital, clinic, medical facility, or other health care provider to release and disclose my entire medical record without restriction.

This protected health information is to be disclosed under this Authorization so that Phoenix may: 1) underwrite my application for coverage, make eligibility, risk rating, policy issuance and enrollment determinations; 2) obtain reinsurance; 3) administer claims and determine or fulfill responsibility for coverage and provision of benefits; 4) administer coverage; and 5) conduct other legally permissible activities that relate to any coverage I have or have applied for with Phoenix.

This authorization shall remain in force for 30 months (24 months in Colorado, Kansas, Kentucky, New York, Oklahoma, and Texas) following the date of my signature below, and a copy of this authorization is as valid as the original. I understand that I have the right to revoke this authorization in writing, at any time, by sending a written request for revocation to Phoenix at One American Row, Hartford, CT 06102, Attention: Chief Privacy Officer. I understand that a revocation is not effective to the extent that any of My Providers has relied on this Authorization or to the extent that Phoenix has a legal right to contest a claim under an insurance policy or to contest the policy itself. I understand that any information that is disclosed pursuant to this authorization may be redisclosed and no longer covered by federal HIPAA rules governing privacy and confidentiality of health information. However, Phoenix maintains full compliance with other applicable federal and state privacy rules. A copy of the Phoenix privacy policy is available upon request.

I understand that if I refuse to sign this authorization to release my complete medical record, Phoenix may not be able to process my application, or if coverage has been issued may not be able to make any benefit payments. I acknowledge that I have received a copy of this authorization.

Robert Collins

Signature of Proposed Insured/Patient or Personal Representative

6-2-03

Date

Description of Personal Representative's Authority or Relationship to Patient

OL4076

Copy Home Office   Copy Proposed Insured

3-03

EXHIBIT A

 **PHOENIX**   Phoenix Life Insurance Company and its subsidiaries
PO Box 8027
Boston MA 02266-8027

**Notice and Consent for
HIV-Related Testing**

---

To evaluate your insurability, the Insurer named above (Phoenix Life Insurance Company and its subsidiaries) has requested that you provide a sample of your blood, oral fluid extracted from cheek and gum tissue, or urine for testing and analysis to determine the presence of human immunodeficiency virus (HIV) antibodies. By signing and dating this form you agree that this test may be done and that underwriting decisions will be based on the test result. A series of tests will be performed by a certified laboratory through a medically accepted procedure.

**Pre-Testing Considerations**

Many public health organizations have recommended that before taking an AIDS-related blood test, a person seek counseling to become informed by concerning the implications of such a test. You may wish to consider counseling, at your expense, prior to being tested.

**Meaning of Positive Test Result**

The test is not a test for AIDS. It is a test for antibodies to the HIV virus, the causative agent for AIDS, and shows whether you have been exposed to the virus. A positive test result does not mean that you have AIDS but that you are at significantly increased risk of developing problems with your immune system. The test for HIV antibodies is very sensitive. Errors are rare, but they do occur. Your private physician, a public health clinic, or an AIDS information organization in your city might provide you with further information on the medical implications of a positive test. Positive HIV antibody test results will adversely affect your application for insurance.

**Confidentiality of Test Results**

All test results are required to be treated confidentially. They will be reported by the laboratory to the Insurer. The test results may be disclosed as required by law or may be disclosed to employees of the Insurer who have the responsibility to make underwriting decisions on behalf of the insurer or to outside legal counsel who needs such information to effectively represent the Insurer in regard to your application. The results may be disclosed to a reinsurer, if the reinsurer is involved in the underwriting process. The test may be released to an insurance medical information exchange under procedures that are designed to assure confidentiality, including the use of general codes that also cover results of tests for other diseases or conditions not related to AIDS, or for the preparation of statistical reports that do not disclose the identity of any particular person. If your HIV test results are normal, no routine notification will be sent to you. If you are a resident of Florida and your HIV test is other than normal, the Insurer will disclose test results to the Florida Department of Health as required by law. If the HIV test results are other than normal, the Florida Health Department will contact you.

**Consent**

I have read and I understand this Notice and Consent for HIV-Related Testing. I voluntarily consent to the collection of a sample of blood, oral fluid extracted from cheek and gum tissue, or urine from me, the testing of that sample, and the disclosure of the test results as described above.

I understand that I have the right to request and receive a copy of this authorization. A photocopy of this form will be as valid as the original.

_____
Signature of Proposed Insured or Parent/Guardian

6-2-03
Date Signed

---

# EXHIBIT B

**PHOENIX**

PO Box 8027
Boston MA 02266-8027

**Request for Policy Change**

See Reverse Side for Instructions, Non-medical Application, Agent's Report

| POLICY NUMBER | NAME OF INSURED | ASSIGNED AGENT | AGENCY REQUESTING CHANGE |
|---|---|---|---|
| 40.025,168 | ROBERT Collins | | |

Phoenix Life Insurance Company, of Hartford, Connecticut is hereby requested to change said policy as indicated below:

**1. CHANGE THE FOLLOWING TO:**
☑ Amount  *Reduce to 500,000 insured*

☐ *Plan:
☐ Policy Date:
☐ *Date of Birth:
☐ Rated Age:

**TO BE COMPLETED BY HOME OFFICE**
When a copy of this form is attached and made a part of said policy, the premium shall be as shown below.

| | |
|---|---|
| Regular Premium | $ |
| Extra Premium | $ |

**2. FEATURES (UNLESS OTHERWISE INDICATED, ANY PRESENT FEATURES WILL BE RETAINED):**

| Add* | Cancel | |
|---|---|---|
| ☐ | ☐ | Waiver of Premium |
| ☐ | ☐ | Accidental Death Benefit |
| ☐ | ☐ | Level Term, Amount $ |
| | | ☐ with ADB ☐ without ADB |
| ☐ | ☐ | Purchase Protector, Units |
| ☐ | ☐ | Family Protection Plan, Units |
| ☐ | ☐ | Children's Protection Plan, Units |
| ☐ | ☐ | Cost of living, Amount $ |
| ☐ | ☐ | Paid-up Additions Purchase Rider for premium of $ bought |
| | | (Frequency) |
| ☐ | ☐ | Payor Death |
| ☐ | ☐ | Payor Disability |
| ☐ | ☐ | |
| ☐ | ☐ | |

**3. PREMIUMS SHALL BE:**
☐ Quarterly   ☐ Semi-Annual   ☐ Payroll Deduction
☐ Annual   ☑ Check-O-Matic
Above method will determine the due dates with at least one premium payable on policy anniversary.

**4. CHANGE THE FOLLOWING TO:**
☐ Automatic Premium Loan
   ☐ Operative   ☐ Non-operative
☐ Automatic Nonforfeiture Provision
   ☐ Extended Insurance (if eligible under policy)
   ☐ Paid-up Insurance

**5. DIVIDEND METHOD SHALL BE:**
☐ Cash   ☐ Accumulate
☐ Reduce Premium   ☐ Paid-up Additions
☐ *Buy One-year term with balance as shown below:
☐ Buy Deferred Additions with balance as shown below:
(Economaster Plans only)
   ☐ Cash   ☐ Accumulate
   ☐ Reduce Premium   ☐ Paid-up Additions
Unless otherwise provided below, any existing dividends will be retained on present basis.

**6. RELEASE DIVIDEND AND PAID-UP VALUES AS FOLLOWS:**
☐ Release Accumulated Dividends
☐ Surrender Paid-up Additions**
and apply the cash value thereof as follows (state All or Amount Needed if dollar amount not known)
☐ $ _____ to TIR on Application No.
☐ $ _____ to TIR Policy No./PDF Agreement No.
☐ $ _____ on premium under Policy No. _____
☐ $ _____ to reduce loan on Policy No. _____
☐ Pay $ _____ in cash
☐ Apply existing dividend values to new method shown under 5 above, subject to evidence of insurability if necessary
☐ Other _____

** Unless otherwise requested in comments section, a surrender of paid-up additions will also surrender any paid-up additions resulting from the company's 1982 More For Your Money increased insurance amendment.

**COMMENTS** CHANGE ① TO MONTHLY PAYMENT $70.10 MONTH EXISTING POLICY TO ② REDUCED INSURANCE AMOUNT FROM $1,000,000 TO $500,000

*ASTERISKED CHANGES REQUIRE COMPLETION OF NON-MEDICAL APPLICATION ON REVERSE

**TO BE COMPLETED BY HOME OFFICE**

Premiums shall be _____ thereafter as provided in the policy.

Cost to complete this change and fully pay the policy to _____ is _____ payable in one sum on _____. Allowance for the change with premiums paid to _____ is _____ This allowance shall be applied:

MINOR CORRECTIONS (No change will be made in amount or plan of insurance)

These changes will be based upon the statements and representations made in any Non-medical Application and Evidence of Insurability, if any, submitted in connection with this change, a copy of which is attached to the policy.
*ANY STATEMENTS CONTAINED IN THE NON-MEDICAL APPLICATION ON THE REVERSE SIDE HEREOF ARE BINDING ON THE UNDERSIGNED.*

Signed at _____ on 20 MAY 11 Insured *Robert Collins*
        (City and State)              (Date)        (Signature of Insured is necessary if Non-medical Application Completed)

Owner *Robert Collins*

Spouse of Insured _____ Assignee _____
        (Signature of spouse needed if spouse to be covered person)

EXHIBIT C



| Facsimile Cover Sheet<br>Carátula de facsímil | Confidential Business<br>Confidencial Empresarial | State Farm®<br>Providing Insurance and Financial Services<br>Su Compañía de Seguros y Servicios<br>Financieros Home Office, Bloomington,<br>Illinois 61710<br>Oficina Centrale, Bloomington, Illinois |
|---|---|---|
| | | **Monday, August 31, 2020 9:02:28 AM** |

| To / A | | Date / Fecha |
|---|---|---|
| | | |

| Office/Address / Oficina/Dirección | | Phone |
|---|---|---|
| | 3214006318 | 05 |

| Telephone number / Número de teléfono | Fax number / Número de fax | Total pages / Cantidad de páginas |
|---|---|---|

| Insured / Asegurado(a) | Claim number / Número de reclamo | Policy number / Número de póliza |
|---|---|---|

| Notice: Confidential Business message | The information contained in this facsimile<br><br>and any attachments contains confidential business material intended for the sole use of the individual(s) named above. If you are not an intended business recipient listed above, or an employee or agent of such recipient who is responsible for delivering this material to them, you are hereby notified that any disclosure, duplication, distribution, or other use of this | information, or the taking of any action in reliance on the contents of this transmission, without the express written consent of State Farm®, is STRICTLY PROHIBITED. If you have received this transmission in error, please notify the sender immediately by telephone, so the return of this material can be arranged at no cost to you. |
|---|---|---|
| Aviso: Confidencial de la Empresa mensaje | La información que se encuentra en el<br><br>de este facsímil y cualquier documento adjunto contiene material confidencial de la empresa para uso exclusivo de la(s) persona(s) nombrada(s) anteriormente. Si usted no es el destinatario mencionado anteriormente, o un empleado o agente de dicho destinatario que sea responsable de entregar este material al mismo, por la presente se le notifica que cualquier divulgación, duplicación, distribución, u otro uso de esta | información, o cualquier medida que se tome basada en el contenido de esta transmisión, sin el expreso consentimiento por escrito de StateFarm®, está ESTRICTAMENTE PROHIBIDA. Si usted recibió esta transmisión por equivocación, por favor notifíquenos inmediatamente por teléfono para que podamos hacer los arreglos necesarios para que nos devuelva este material sin costo alguno para usted. |

| From / De | Orlando |
|---|---|

| Office/Address/Location / Oficina/Dirección/Lugar | |
|---|---|
| 407-273-9170 | 407-380-5060 |

| Telephone number / Número de teléfono | Fax number / Número de fax |
|---|---|

**Message / Mensaje:**
Request for Change of beneficiary form for Robert Collins Policy #40025168

1004519                                                                119545  03-03-2014  190-6580 a.8

EXHIBIT C

---

**From:** Robert Collins [mailto:  REDACTED ]
**Sent:** Saturday, August 29, 2020 4:44 PM
**To:** Jeimmy T Caita <jeimmy.t.caita.y9ao@statefarm.com>
**Cc:** Robert Collins <r REDACTED Mark Puig REDACTED
**Subject:** [EXTERNAL] Re: Change of beneficiary form

Hello Jeimmy,

It was nice speaking with you and Bruce yesterday.  Per Bruce's request, I've attached the change of beneficiary document with the changes we discussed.  I did not include the social security numbers for me, Mark or my Mother. Please call me and I can provide those over the phone.\

Thanks again for your assistance,

Robert Collins
REDACTED


On Friday, August 28, 2020, 04:47:35 PM EDT, Jeimmy T Caita <jeimmy.t.caita.y9ao@statefarm.com> wrote:

Robert,

Attach please find the beneficiary change form, please verify on page 2 that the beneficiaries are the way you want them. They are both listed as primary with 70% to Mark and 30% to Lois. On page 2, sign next to your name and date, and have a disinterested witness sign witness signature. Also fill out the social security, address, DOB, and phone number for each of the beneficiaries.

Please fax or mail to the information to the listed number. Hope this was helpful and don't hesitate to call us. Thank you!



*Jeimmy T. Caita* Licensed Agent
198 S. Semoran Blvd
Orlando, FL 32807-9170
Phone 407-273-9170   Fax 407-380-5060
*Click here to write a Google review*



**Bruce Baltich Insurance Agency**

State Farm™

if this communication is securities related, see the additional disclosures

# EXHIBIT C

Policy/Contract Number _____

## Section 2 - Beneficiary Designation - *continued*

Make a copy of the signed form for your records.

√ **Check one:**
☐ Primary
☐ Contingent

√ **Check one:**
☐ Equally
☐ _____ % per share

√ **Check one:**
☐ Spouse
☐ Child
☐ Trust
☐ Other

Beneficiary Name

Social Security No. / Tax ID No.                Date of Birth / Date of Trust

Address

Telephone No.

√ **Check one:**
☐ Primary
☐ Contingent

√ **Check one:**
☐ Equally
☐ _____ % per share

√ **Check one:**
☐ Spouse
☐ Child
☐ Trust
☐ Other

Beneficiary Name

Social Security No. / Tax ID No.                Date of Birth / Date of Trust

Address

Telephone No.

**If any additional pages/attachments are needed to complete this change, please sign, date and provide the policy number on each page.**

## Section 3 - Signatures and Date

If the CURRENT OWNER is a INDIVIDUAL, complete the following. If you reside in Massachusetts, a signature of a Disinterested Witness **MUST** be obtained.

### CURRENT Individual Owner

| Owner Name (Print First, Middle, Last) | Signature | Disinterested Witness Signature | State Signed In | Date (mm/dd/yyyy) |
|---|---|---|---|---|
| Robert Collins | *Robert Collins* | | | |
| Owner Name (Print First, Middle, Last) | Signature | Disinterested Witness Signature | State Signed In | Date (mm/dd/yyyy) |

### CURRENT Non-Individual Owner

If the CURRENT OWNER is a NON-INDIVIDUAL, complete the following.

Full Name of Trust, Entity, Corporation or Other: _____ Date of Trust _____

Signing in the capacity as: ☐ Trustee(s)  ☐ Partner(s)  ☐ Officer (List Title) _____
                                                                                      **(Attach Corporate Resolution)**

☐ Other _____

| Name (Print First, Middle, Last) | Signature | Disinterested Witness Signature | State Signed In | Date (mm/dd/yyyy) |
|---|---|---|---|---|
| Name (Print First, Middle, Last) | Signature | Disinterested Witness Signature | State Signed In | Date (mm/dd/yyyy) |
| Name (Print First, Middle, Last) | Signature | Disinterested Witness Signature | State Signed In | Date (mm/dd/yyyy) |
| Name (Print First, Middle, Last) | Signature | Disinterested Witness Signature | State Signed In | Date (mm/dd/yyyy) |

The updated beneficiary designation will be available for review at www.nsre.com within 10 days of receipt of your request.

## Complete ONLY if form is being modified after the original sign date.

**I CERTIFY that this form was modified by me, the Owner on ___/ ___/ ___. Sign below (If Non-Individual, include the capacity in which you are signing). Signature:** _____



## NASSAU RE

Nassau Life and Annuity Company (the Company)
Nassau Life Insurance Company (the Company)
PHL Variable Insurance Company (the Company)
Nassau Life and Annuity Insurance Company (the Company)

**Beneficiary Change**

*MAIL* →

**Contact Information**

***Mail*** completed form to:
<u>Regular Mail:</u> PO Box 22012, Albany, NY 12201-2012
<u>Overnight Mail:</u> 15 Tech Valley Dr., Suite 201, East Greenbush, NY 12061-4142

***Fax*** completed form to:
<u>Traditional Life:</u> (321) 400-6318
<u>Variable Life:</u> (321) 400-6316
<u>Annuity:</u> (321) 400-6317

*FAX or Traditional*

***Phone***:
<u>Traditional Life:</u> (800) 628-1936
<u>Variable Life or Annuity:</u> (800) 541-0171

Complete information helps us honor our promise to you.

We realize that we are asking for a lot of information and we would like you to know why. Usually, a long period of time elapses between the designation of a beneficiary and the payment of a death claim. During this time beneficiaries change address, children and grandchildren may be born, and many other changes can occur. Our commitment continues beyond the death of the insured to each of the named beneficiaries. To ensure that we meet our commitment, we use information such as date of birth and social security number to identify and/or locate each beneficiary to whom we owe payment.

Please help us ensure that your beneficiaries are paid as quickly and accurately as possible by providing us as much of the following information as possible on the accompanying form.

For each beneficiary we request the following information:

| Full Name | Date of Birth | Social Security Number or Tax ID Number | Phone Number | Address |

**Sample Designations:**

▸ *One Beneficiary:*
**Primary:** . . . . . . . . Joan Smith  **Relationship:** . . . . . . . . Spouse  **Percentage:** . . . . . . . . 100%

▸ *One Primary Beneficiary and one Contingent Beneficiary:*
**Primary:** . . . . . . . . Joan Smith  **Relationship:** . . . . . . . . Spouse  **Percentage:** . . . . . . . . 100%
**Contingent:** . . . William B Smith  **Relationship:** . . . . . . . . Father  **Percentage:** . . . . . . . . 100%

▸ *Two Primary Beneficiaries, each getting a different amount:*
**Primary:** . . . . . . . . Joan Smith  **Relationship:** . . . . . . . . Spouse  **Percentage:** 75%
**Primary:** . . . . William B Smith  **Relationship:** . . . . . . . . Father  **Percentage:** 25%

▸ *Trust:*
**Primary:** . . . Patrick W Smith Irrevocable Trust Dated October 15, 1995, Richard Jones, Trustee
**Relationship:** . . . . . . . . Trust  **Percentage:** . . . . . . . . 100%

▸ *A Minor Child under UTMA with nominated custodian:*
**Primary:** . . . . Christine Smith under New York UTMA, Mary Smith as custodian

**In order to comply with Office of Foreign Assets Control (OFAC) regulations the Company must obtain the full name of any beneficiaries of the Company policy, and cannot accept beneficiary designations such as "per stirpes", "lawful/all my children", "issue", "descendants".**

OL122A          1 of 3          11-19

Case 6:21-cv-00563-CEM-EJK Document 18-4 Filed 06/04/21 Page 46 of 67 PageID 228

# EXHIBIT C

 **NASSAU RE**

Nassau Life and Annuity Company (the Company)
Nassau Life Insurance Company (the Company)
PHL Variable Insurance Company (the Company)
Nassau Life and Annuity Insurance Company (the Company)
Regular Mail: PO Box 22012, Albany, NY 12201-2012
Express Mail: 15 Tech Valley Drive, Suite 201, East Greenbush, NY 12061-4142

**Designation of Beneficiary**

## Section 1 - Policy Information

| Insured/Annuitant Name | Policy/Contract Number |
|---|---|
| Robert Collins | 4002 5168 |

| Date of Birth | Telephone number | Social Security Number |
|---|---|---|
| REDACTED | | |

## Section 2 - Beneficiary Designation

I hereby designate the following as beneficiary(ies) to receive any death benefit that becomes payable under this policy/contract. Payment will be made to the beneficiaries that survive the insured, successively, in the following order:

- Primary Beneficiaries
- then Contingent Beneficiaries     (If no Primary Beneficiary living at the death of the Insured)
- then The owner or owner's Estate   (If no Contingent Beneficiary living at the death of the Insured)

I reserve the right to revoke or change any beneficiary designation in the future. I revoke any previous beneficiary designations and settlement agreements that apply to the amount payable under the policy/contract in the event of the death of the insured.

I understand that if I reside in a community property or marital property state and have not named my spouse as the sole beneficiary, my spouse may need to consent to the non-spouse designation. It is my responsibility to seek legal counsel with questions regarding this designation. Should spousal consent be required, the Company is not liable for any consequences resulting from my failure to obtain proper consent.

**FLORIDA RESIDENTS ONLY**: You may not name your agent as your beneficiary unless and until you provide proof that your agent falls under the definition of "family members" as defined by Florida state law.

The Policy Protector Test may not be satisfied (and the Guaranteed Death Benefit and Policy Protector Benefit may terminate) if we determine at any time during the life of the policy that a beneficiary or ownership designation has been procured in order to transfer ownership or any benefits under the policy to a third party without an insurable interest. Please refer to your policy for details.

**Even if you are only adding/changing the Contingent Beneficiary, you must restate the Primary Beneficiary.**

| ☒ Primary (Required) | Mark Puig (PUIG) |
|---|---|
| | Beneficiary Name                    REDACTED |
| ✓ Check one: ☐ Equally ☒ 70 % per share | Social Security No. / Tax ID No.   REDACTED          Date of Birth / Date of Trust   FL 3478G |
| ✓ Check one: ☒ Spouse ☐ Child ☐ Trust ☐ Other _____ | Address   REDACTED |
| | Telephone No. |

| ✓ Check one: ☒ Primary ☐ Contingent | Lois Collins |
|---|---|
| | Beneficiary Name                    REDACTED |
| ✓ Check one: ☐ Equally ☒ 30 % per share | Social Security No. / Tax ID No.   REDACTED          Date of Birth / Date of Trust   FL 3282 |
| ✓ Check one: ☐ Spouse ☐ Child ☐ Trust ☒ Other Mother | Address   REDACTED |
| | Telephone No. |

**Continued on next page.**

Please **make a copy of the signed form** for your records as you will not receive confirmation of the change.

OL122A                                    2 of 3                                    11-19

EXHIBIT D

**Member:**
American Society of Questioned
  Document Examiners

American Academy of
  Forensic Sciences – QD Section

Southeastern Association of
  Forensic Document Examiners

# *Thomas W. Vastrick*

## Forensic Document Examiner

**Orlando, FL (Main) Office**
522 S Hunt Club Blvd  Suite 217
Apopka, FL  32703

**Tallahassee, FL (Branch) Office**
1400 Village Square Blvd #3-149
Tallahassee, FL  32312

(407) 234-3219

*WEBSITE: thomaswvastrick.com*
*EMAIL: vastrick@yahoo.com*

May 7, 2021

Mr. Clay A Deatherage
Bloodworth Law, PLLC
801 Magnolia Ave Suite 216
Orlando FL 32803

**File No.  214712**

## FORENSIC DOCUMENT EXAMINATION REPORT

### Scope of Work

Determine whether Robert Collins, as represented by the submitted known handwriting specimens, wrote the signature entries in his name on the submitted questioned documents.

The submitted questioned documents consist of the following:

**Q-1**   Copy of one Nassau Beneficiary Change dated February 21, 2020.
**Q-2**   Copy of Page 3 of one Nassau Beneficiary Change (undated).

The submitted known handwriting specimens of Robert Collins consist of the following:

**K-1a**   Copy of one Five Wishes dated July 28, 2020.
**K-1b**   Copy of one Phoenix Request for Policy Change dated May 28, 2011.
**K-1c**   Copy of one Wachovia check no. 6346 dated June 2, 2003.
**K-1d**   Copy of one Phoenix Application for Life Insurance dated 06/02/2003.
**K-1e**   Copy of one Phoenix Authorization to Release Medical Information dated 06/02/2003.
**K-1f**   Copy of one Notice and Consent for HIV-Related Testing dated 06/02/2003.

### Conclusions

To the level of "probable", it is concluded that the submitted known K-1 specimens and the questioned Collins signature entries on Exhibits Q-1/Q-2 are from different sources.

### Reasons and Bases

This examination was conducted utilizing published industry standard examination methodologies and reporting conclusions as prescribed by The Scientific Working Group for Forensic Document Examination (SWGDOC).

The term "probable" is a published standard term for stating conclusions.  It is defined as meaning that the evidence "points rather strongly" toward the questioned entries and the submitted known specimens are being from different sources.  This conclusion reflects a high level of confidence for a dissociative conclusion.

EXHIBIT D

**FORENSIC DOCUMENT EXAMINATION REPORT**
**File No. 214712**
Page 2

The profession error rate has been tested and several peer-reviewed published research papers address profession error rate.  These rates ranged from 3.4% to 6.5% for properly trained forensic document examiners and up to 40% for control groups.  The specific percentages will vary as a factor of the individual test question(s) and the percentage can be considered at the extreme high end since testing was performed in a conference format without benefit of each examiner's equipment or lighting.  The rate differential between the forensic document examiner and the control group is considered a tested constant and is noted as differing by approximately a factor of six.

The questioned signature entries from Exhbits Q-1 and Q-2 were examined as a group.  The entries contain general similarities in appearance such that common authorship is considered a viable hypothesis.  The questioned documents are both copies.  Copies have inherent limitations for examination purposes.  Factors such as pen pressure cannot be evaluated.  Other factors such as tremor, bluntness of ending strokes, hesitations in the writing line, and pen lifts can be assessed but to a limited degree.  The extent of the limitation is case-specific and can vary greatly.  The quality of the copies provided were average.

The submitted known specimens were reviewed as a group.  The specimens were limited in number but did contain exhibits that both pre-dated and post-dated Exhibit Q-1 (Exhibit Q-2 is undated) and spanned seventeen years with little variance and no obvious evolution of writing style.  As such, these specimens were deemed representative of the handwriting habits of the K-1 author.

A side-by-side comparative examination was conducted as per published industry standards.  Numerous and significant characteristic dissimilarities were noted between the questioned entries and the submitted known K-1 specimens to include letter designs, letter height ratios, slant and spacing.



*THE QUESTIONED SIGNATURES FROM EXHIBITS Q-1 AND Q-2 (LEFT) AND SAMPLES OF THE SUBMITTED KNOWN K-1 SPECIMENS (RIGHT).*



Thomas W. Vastrick
Forensic Document Examiner



**NASSAU RE**

Nassau Life and Annuity Company (the Company)
Nassau Life Insurance Company (the Company)
PHL Variable Insurance Company (the Company)
Nassau Life and Annuity Insurance Company (the Company)
Regular Mail: PO Box 22012, Albany, NY 12201-2012
Express Mail: 15 Tech Valley Drive, Suite 201, East Greenbush, NY 12061-4142

**Designation of Beneficiary**
EXHIBIT E

## Section 1 - Policy Information

Insured/Annuitant Name: ROBERT COLLINS

Policy/Contract Number: 4002 5168

Date of Birth: REDACTED | Telephone number: REDACTED | Social Security Number: REDACTED

## Section 2 - Beneficiary Designation

I hereby designate the following as beneficiary(ies) to receive any death benefit that becomes payable under this policy/contract. Payment will be made to the beneficiaries that survive the insured, successively, in the following order:

- Primary Beneficiaries
- then Contingent Beneficiaries    (If no Primary Beneficiary living at the death of the Insured)
- then The owner or owner's Estate   (If no Contingent Beneficiary living at the death of the Insured)

I reserve the right to revoke or change any beneficiary designation in the future. I revoke any previous beneficiary designations and settlement agreements that apply to the amount payable under the policy/contract in the event of the death of the insured.

I understand that if I reside in a community property or marital property state and have not named my spouse as the sole beneficiary, my spouse may need to consent to the non-spouse designation. It is my responsibility to seek legal counsel with questions regarding this designation. Should spousal consent be required, the Company is not liable for any consequences resulting from my failure to obtain proper consent.

**FLORIDA RESIDENTS ONLY:** You may not name your agent as your beneficiary unless and until you provide proof that your agent falls under the definition of "family members" as defined by Florida state law.

The Policy Protector Test may not be satisfied (and the Guaranteed Death Benefit and Policy Protector Benefit may terminate) if we determine at any time during the life of the policy that a beneficiary or ownership designation has been procured in order to transfer ownership or any benefits under the policy to a third party without an insurable interest. Please refer to your policy for details.

**Even if you are only adding/changing the Contingent Beneficiary, you must restate the Primary Beneficiary.**

| | |
|---|---|
| ☒ Primary (Required) | Beneficiary Name: MARK PUIG |
| ✓ Check one:<br>☐ Equally<br>☒ 70 % per share | Social Security No. / Tax ID No.: REDACTED    Date of Birth / Date of Trust: REDACTED |
| ✓ Check one:<br>☒ Spouse<br>☐ Child<br>☐ Trust<br>☐ Other | Address: REDACTED   FL 34786<br>Telephone No.: REDACTED |

| | |
|---|---|
| ✓ Check one:<br>☒ Primary<br>☐ Contingent | Beneficiary Name: LOIS COLLINS |
| ✓ Check one:<br>☐ Equally<br>☒ 30 % per share | Social Security No. / Tax ID No.: REDACTED   Date of Birth / Date of Trust: REDACTED  FL 32812 |
| ✓ Check one:<br>☐ Spouse<br>☐ Child<br>☐ Trust<br>☒ Other MOTHER | Address: REDACTED<br>Telephone No.: |

**Continued on next page.**

Please **make a copy of the signed form** for your records as you will not receive confirmation of the change.

OL122A    2 of 3    11-19

EXHIBIT E



## NASSAU RE

Nassau Life and Annuity Company (the Company)
Nassau Life Insurance Company (the Company)
PHL Variable Insurance Company (the Company)
Nassau Life and Annuity Insurance Company (the Company)

**Beneficiary Change**
EXHIBIT E

**Contact Information**

*Mail* completed form to:
<u>Regular Mail</u>: PO Box 22012, Albany, NY 12201-2012
<u>Overnight Mail</u>: 15 Tech Valley Dr., Suite 201, East Greenbush, NY 12061-4142

*Fax* completed form to:
<u>Traditional Life</u>: (321) 400-6318
<u>Variable Life</u>: (321) 400-6316
<u>Annuity</u>: (321) 400-6317

*Phone*:
<u>Traditional Life</u>: (800) 628-1936
<u>Variable Life or Annuity</u>: (800) 541-0171

Complete information helps us honor our promise to you.

We realize that we are asking for a lot of information and we would like you to know why. Usually, a long period of time elapses between the designation of a beneficiary and the payment of a death claim. During this time beneficiaries change address, children and grandchildren may be born, and many other changes can occur. Our commitment continues beyond the death of the insured to each of the named beneficiaries. To ensure that we meet our commitment, we use information such as date of birth and social security number to identify and/or locate each beneficiary to whom we owe payment.

Please help us ensure that your beneficiaries are paid as quickly and accurately as possible by providing us as much of the following information as possible on the accompanying form.

For each beneficiary we request the following information:

Full Name          Date of Birth          Social Security Number or Tax ID Number          Phone Number          Address

<u>**Sample Designations:**</u>

♦ *One Beneficiary:*
   **Primary:** . . . . . . . . . Joan Smith     **Relationship:** . . . . . . . . Spouse     **Percentage:** . . . . . . . . . 100%

♦ *One Primary Beneficiary and one Contingent Beneficiary:*
   **Primary:** . . . . . . . . . Joan Smith     **Relationship:** . . . . . . . . . . Spouse     **Percentage:** . . . . . . . . . 100%
   **Contingent:** . . . William B Smith     **Relationship:** . . . . . . . . . . Father     **Percentage:** . . . . . . . . . 100%

♦ *Two Primary Beneficiaries, each getting a different amount:*
   **Primary:** . . . . . . . . Joan Smith     **Relationship:** . . . . . . . . . . Spouse     **Percentage:**          75%
   **Primary:** . . . . . . William B Smith     **Relationship:** . . . . . . . . . . Father     **Percentage:**          25%

♦ *Trust:*
   **Primary:** . . . . . . Patrick W Smith Irrevocable Trust Dated October 15, 1995, Richard Jones, Trustee
   **Relationship:** . . . . . . . . Trust     **Percentage:** . . . . . . . . . 100%

♦ *A Minor Child under UTMA with nominated custodian:*
   **Primary:** . . . . Christine Smith under New York UTMA, Mary Smith as custodian

**In order to comply with Office of Foreign Assets Control (OFAC) regulations the Company must obtain the full name of any beneficiaries of the Company policy, and cannot accept beneficiary designations such as "per stirpes", "lawful/all my children", "issue", "descendants".**

EXHIBIT E

Policy/Contract Number _____

## Section 2 - Beneficiary Designation - continued

Make a copy of the signed form for your records.

| | |
|---|---|
| **√ Check one:**<br>☐ Primary<br>☐ Contingent | _____<br>Beneficiary Name |
| **√ Check one:**<br>☐ Equally<br>☐ _____ % per share | _____<br>Social Security No. / Tax ID No.     Date of Birth / Date of Trust |
| **√ Check one:**<br>☐ Spouse<br>☐ Child<br>☐ Trust<br>☐ Other _____ | _____<br>Address<br><br>_____<br>Telephone No. |
| **√ Check one:**<br>☐ Primary<br>☐ Contingent | _____<br>Beneficiary Name |
| **√ Check one:**<br>☐ Equally<br>☐ _____ % per share | _____<br>Social Security No. / Tax ID No.     Date of Birth / Date of Trust |
| **√ Check one:**<br>☐ Spouse<br>☐ Child<br>☐ Trust<br>☐ Other | _____<br>Address<br><br>_____<br>Telephone No. |

**If any additional pages/attachments are needed to complete this change, please sign, date and provide the policy number on each page.**

## Section 3 - Signatures and Date

### CURRENT Individual Owner

If the CURRENT OWNER is a INDIVIDUAL, complete the following. If you reside in Massachusetts, a signature of a Disinterested Witness **MUST** be obtained.

| Owner Name (Print First, Middle, Last) | Signature | Disinterested Witness Signature | State Signed In | Date (mm/dd/yyyy) |
|---|---|---|---|---|
| ROBERT B. Collins | Robert B. Collins | | FL | 02/21/2020 |
| Owner Name (Print First, Middle, Last) | Signature | Disinterested Witness Signature | State Signed In | Date (mm/dd/yyyy) |
| | | | | |

### CURRENT Non-Individual Owner

If the CURRENT OWNER is a NON-INDIVIDUAL, complete the following.

Full Name of Trust, Entity, Corporation or Other: _____ Date of Trust _____

Signing in the capacity as: ☐ Trustee(s) ☐ Partner(s) ☐ Officer (List Title) _____

**(Attach Corporate Resolution)**

☐ Other _____

| Name (Print First, Middle, Last) | Signature | Disinterested Witness Signature | State Signed In | Date (mm/dd/yyyy) |
|---|---|---|---|---|
| | | | | |
| Name (Print First, Middle, Last) | Signature | Disinterested Witness Signature | State Signed In | Date (mm/dd/yyyy) |
| | | | | |
| Name (Print First, Middle, Last) | Signature | Disinterested Witness Signature | State Signed In | Date (mm/dd/yyyy) |
| | | | | |
| Name (Print First, Middle, Last) | Signature | Disinterested Witness Signature | State Signed In | Date (mm/dd/yyyy) |
| | | | | |

The updated beneficiary designation will be available for review at www.nsre.com within 10 days of receipt of your request.

## Complete ONLY if form is being modified after the original sign date.

I CERTIFY that this form was modified by me, the Owner on ____/ ____/ ____/. Sign below (If Non-Individual, include the capacity in which you are signing). Signature: _____

EXHIBIT E

EXHIBIT E





Did you remember to:
- Sign and Date the form?
- Include your Policy or Contract number?
- Complete all sections?



**NASSAU RE**

Nassau Life and Annuity Company (the Company)
Nassau Life Insurance Company (the Company)
PHL Variable Insurance Company (the Company)
Regular Mail: PO Box 22012, Albany, NY 12201-2012
Express Mail: 15 Tech Valley Drive, Suite 201, East Greenbush, NY 12061-4142

EXHIBIT F

**Beneficiary Statement**

Claim Number: 201009SH1040

## A. Insured Information

List ONLY the policies/contracts for which the beneficiary is making a claim.

40025168

Name of Deceased

Robert Collins

Deceased's Social Security Number

REDACTED

Birthdate of Deceased **REDACTED**

Deceased's Date of Death 10/08/2020

Cause of Death **REDACTED**

Manner ☑ Natural/Illness ☐ Accidental ☐ Suicide ☐ Homicide

## B. Beneficiary Information – Please print

Full Name of Individual, Entity, Corporation or Trust

Mark Puig

Your Daytime Telephone Number / Date of Birth / Date of Trust **REDACTED**

Your Sex ☑ Male ☐ Female

Please supply Social Security Number if you are the Individual Beneficiary **REDACTED**

Please supply Taxpayer Identification Number if this is a Trust, Estate, or Corporate Beneficiary

Your Physical Address (No., Street, City, State and ZIP Code - P.O. Box not accepted) **REDACTED** FL 34786

Mailing Address for Payment (No., Street, or P.O. Box, City, State and ZIP Code) **For Your Security.** If the payment is not being mailed to you at your residence address, please explain briefly why and advise to whom it is being mailed (for example, Mail to my PO Box, Mail to me in care of my child with whom I am staying, Mail to me in care of my attorney's office). **REDACTED** FL 34786

**CERTIFICATION** - Under penalties of perjury, I certify that:
1) the number shown on this form is my correct Social Security Number or taxpayer identification number, and
2) I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and
3) I am a U.S. citizen or other U.S. person (including a U.S. Resident Alien) as defined in the instructions to the IRS Form W-9, and
4) I am exempt from FATCA reporting (if applicable).
**Certification Instructions:** You must cross out item (2) if you have been notified by the IRS that you are currently subject to backup withholding because of under-reporting interest or dividends on your tax returns.
I am aware that if my taxpayer ID or Social Security Number is not supplied, the interest earned may be subject to federal or state withholding.

## C. Policy Status (all policies should be returned unless they are lost)

If the policy/contract or policies/contracts cannot be located and are presumed lost, misplaced or destroyed, please complete this section.
**Lost Policy/Contract Agreement**
Policy/Contract Number(s) 40025168

Insured ROBERT COLLINS

The undersigned affirms that, except for the respective interests of the undersigned as shown on the Company's records, no other party has any interest in the policy's/contract's ownership rights or benefits, through assignment, transfer, pledge or encumbrance of any nature whatsoever.

The undersigned requests that the Company pay, without production of the lost policy/contract, the proceeds due as a result of the death of the insured.

The undersigned further requests that until the whereabouts of the lost policy/contract becomes known to the Company by written notice received at its Home Office, the Company will waive any requirements of the lost policy/contract that such policy/contract be delivered to the Company as a prerequisite to any transaction involving such policy/contract.

**This form is not complete unless ALL THREE pages are Returned and page 3 must be dated and signed by the Beneficiary.**

FG11 B

Page 1 of 3

11-19

## D. Fraud Statement

**For Residents of Alaska and Oregon:** A person who knowingly and with intent to injure, defraud, or deceive an insurance company files a claim containing false, incomplete or misleading information may be prosecuted under state law.

**For Residents of Arizona:** For your protection Arizona law requires the following statement to appear on this form. Any person who knowingly presents a false or fraudulent claim for payment of a loss is subject to criminal and civil penalties.

**For Residents of California:** For your protection California law requires the following notice to appear on this form. Any person who knowingly presents a false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

**For Residents of Colorado:** It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company. Penalties may include imprisonment, fines, denial of insurance, and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policyholder or claimant for the purpose of defrauding or attempting to defraud the policyholder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado division of insurance within the department of regulatory agencies.

**For Residents of Delaware, Idaho, Indiana, and Oklahoma:** Any person who knowingly and with intent to injure, defraud, or deceive any insurer files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony.

**For Residents of District of Columbia:** It is a crime to provide false or misleading information to an insurer for the purpose of defrauding an insurer or any other person. Penalties include imprisonment and/or fines. In addition, an insurer may deny insurance benefits if false information materially related to a claim was provided by the applicant.

**For Residents of Florida:** Any person who knowingly and with intent to injure, defraud, or deceive any insurer files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony of the third degree.

**For Residents of Kentucky and Pennsylvania:** Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

**For Residents of Maine, Tennessee, Virginia, and Washington:** It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits.

**For Residents of Maryland, Rhode Island and West Virginia:** Any person who knowingly or willfully presents a false or fraudulent claim for payment of a loss or benefit or who knowingly or willfully presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison.

**For Residents of Minnesota:** A person who files a claim with intent to defraud or helps commit a fraud against an insurer is guilty of a crime.

**For Residents of New Hampshire:** Any person who, with a purpose to injure, defraud, or deceive any insurance company, files a statement of claim containing any false, incomplete, or misleading information is subject to prosecution and punishment for insurance fraud, as provided in RSA 638:20.

**For Residents of New Jersey:** Any person who knowingly files a statement of claim containing any false or misleading information is subject to criminal and civil penalties.

**For Residents of New Mexico:** Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to civil fines and criminal penalties.

**For Residents of Ohio:** Any person who knowingly, and with intent to defraud or deceive any insurance company, files a statement containing any false, incomplete, or misleading information is guilty of a felony.

**For Residents of Puerto Rico:** Any person who, knowingly and with intent to defraud, presents false information in an insurance request form, or who presents, helps or has presented a fraudulent claim for the payment of a loss or other benefit, or presents more than one claim for the same damage or loss, will incur a felony, and upon conviction will be penalized for each violation with a fine no less than five thousand (5,000) dollars nor more than ten thousand (10,000) dollars, or imprisonment for a fixed term of three (3) years, or both penalties. If aggravated circumstances prevail, the fixed established imprisonment may be increased to a maximum of five (5) years; if attenuating circumstances prevail, it may be reduced to a minimum of two (2) years.

**Notice for Residents of All Other States:** Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit, or knowingly presents false information in an application for insurance may be guilty of a crime and may be subject to fines and confinement in prison.

This form is not complete unless ALL THREE pages are Returned and page 3 must be dated and signed by the Beneficiary.

FG11 B                                   Page 2 of 3                                 11-19

**E. Settlement Option**

Beneficiaries receiving less than $5,000 will be paid with a single check. Beneficiaries receiving $5,000 or more have three settlement options:

1. **Concierge Account** - The Concierge Account offers a free and convenient way to access your money and earn interest, while you wait to make your next financial decision. With this option you will receive a checkbook, earn interest and have complete access to your money, at no additional cost. Please see the enclosed document for additional details on how this account can work for you.

2. **Payment Options** - Some contracts also offer additional options allowing you to receive your payment over time. If these options are offered with your contract, you will receive a summary containing options available to you.

3. **Payment in a single check.**

   **Please select one of the following options (If no option is selected, you will receive payment in a single check):**

   ☐ Concierge Account
   ☐ Payment Option (please also list your specific payment option: _____)
   ☒ Payment in a single check

**For Residents of New York:** Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation.

**F. Signature Requirements**

Full Name of Beneficiary (Individual, Entity, Corporation or Trust - Please print): Mark Puig

Signing in the capacity as:

☒ Individually named beneficiary   ☐ Partner(s)   ☐ Executor or Administrator of Estate (Attach a copy of the Court Appointment)

☐ Trustee(s) (Attach Certificate of Trust OL4388A)   ☐ Officer _____

(List corporate title - include corporate resolution)

| Name (Print First, Middle, Last) | Signature | Disinterested Witness Signature | Date (mm/dd/yyyy) |
|---|---|---|---|
| MARK DAVID PUIG | *Mark David Puig* | *Kyler Ralles* | 10/23/2020 |
| | | | |
| Name (Print First, Middle, Last) | Signature | Disinterested Witness Signature | Date (mm/dd/yyyy) |

**G. Additional Signature Requirements for Claim Amounts of $5 million or Greater - Notarization Required**

| Name (Print First, Middle, Last) | Signature | Date (mm/dd/yyyy) |
|---|---|---|
| | | |

STATE OF _____   COUNTY OF _____

On the ____ day of _____ in the year ____ before me, the undersigned, a Notary Public in and for said state. Personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose names(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacities and that by his/her/their signatures(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

**(Notary Public)** My commission expires: _____   **(Official Seal or Stamp)**

Signed Name: _____

Printed Name: _____

**This form is not complete unless ALL THREE pages are Returned and page 3 must be dated and signed by the Beneficiary.**

 **NASSAU RE**

Nassau Life and Annuity Company (the Company)
Nassau Life Insurance Company (the Company)
PHL Variable Insurance Company (the Company)
Regular Mail: PO Box 22012, Albany, NY 12201-2012
Express Mail: 15 Tech Valley Drive, Suite 201, East Greenbush, NY 12061-4142

**EXHIBIT F**

**Beneficiary Statement**

Claim Number: 201009SH1040

### A. Insured Information

List ONLY the policies/contracts for which the beneficiary is making a claim.

40025168

Name of Deceased
Robert Collins

Deceased's Social Security Number
REDACTED

Birthdate of D REDACTED

Deceased's Date of Death: 10 08 2020

Cause of Death REDACTED

Manner: ☑ Natural/Illness ☐ Accidental ☐ Suicide ☐ Homicide

### B. Beneficiary Information – Please print

Full Name of Individual, Entity, Corporation or Trust
Lois Collins

Your Daytime Telephone Number | Date of Birth / Date of Trust | Your Sex
REDACTED ☐ Male ☑ Female

Please supply Social Security Number if you are the Individual Beneficiary
REDACTED

Please supply Taxpayer Identification Number if this is a Trust, Estate, or Corporate Beneficiary

Your Physical Address (No., Street, City, State and ZIP Code - P.O. Box not accepted)
REDACTED FL 32812

Mailing Address for Payment (No., Street, or P.O. Box, City, State and ZIP Code) For Your Security. If the payment is not being mailed to you at your residence address, please explain briefly why and advise to whom it is being mailed (for example; Mail to my PO Box, Mail to me in care of my child with whom I am staying, Mail to me in care of my attorney's office).
REDACTED FL 32812

CERTIFICATION - Under penalties of perjury, I certify that:
1) the number shown on this form is my correct Social Security Number or taxpayer identification number, and
2) I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and
3) I am a U.S. citizen or other U.S. person (including a U.S. Resident Alien) as defined in the instructions to the IRS Form W-9, and
4) I am exempt from FATCA reporting (if applicable).
Certification Instructions: You must cross out item (2) if you have been notified by the IRS that you are currently subject to backup withholding because of under-reporting interest or dividends on your tax returns.
I am aware that if my taxpayer ID or Social Security Number is not supplied, the interest earned may be subject to federal or state withholding.

### C. Policy Status (all policies should be returned unless they are lost)

If the policy/contract or policies/contracts cannot be located and are presumed lost, misplaced or destroyed, please complete this section.
Lost Policy/Contract Agreement
Policy/Contract Number(s) 40025168
Insured Robert Collins

The undersigned affirms that, except for the respective interests of the undersigned as shown on the Company's records, no other party has any interest in the policy's/contract's ownership rights or benefits, through assignment, transfer, pledge or encumbrance of any nature whatsoever.

The undersigned requests that the Company pay, without production of the lost policy/contract, the proceeds due as a result of the death of the insured.

The undersigned further requests that until the whereabouts of the lost policy/contract becomes known to the Company by written notice received at its Home Office, the Company will waive any requirements that such policy/contract be delivered to the Company as a prerequisite to any transaction involving such policy/contract.

**This form is not complete unless ALL THREE pages are Returned and page 3 must be dated and signed by the Beneficiary.**

## D. Fraud Statement

**For Residents of Alaska and Oregon:** A person who knowingly and with intent to injure, defraud, or deceive an insurance company files a claim containing false, incomplete or misleading information may be prosecuted under state law.

**For Residents of Arizona:** For your protection Arizona law requires the following statement to appear on this form. Any person who knowingly presents a false or fraudulent claim for payment of a loss is subject to criminal and civil penalties.

**For Residents of California:** For your protection California law requires the following notice to appear on this form. Any person who knowingly presents a false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

**For Residents of Colorado:** It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company. Penalties may include imprisonment, fines, denial of insurance, and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policyholder or claimant for the purpose of defrauding or attempting to defraud the policyholder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado division of insurance within the department of regulatory agencies.

**For Residents of Delaware, Idaho, Indiana, and Oklahoma:** Any person who knowingly and with intent to injure, defraud, or deceive any insurer files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony.

**For Residents of District of Columbia:** It is a crime to provide false or misleading information to an insurer for the purpose of defrauding an insurer or any other person. Penalties include imprisonment and/or fines. In addition, an insurer may deny insurance benefits if false information materially related to a claim was provided by the applicant.

**For Residents of Florida:** Any person who knowingly and with intent to injure, defraud, or deceive any insurer files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony of the third degree.

**For Residents of Kentucky and Pennsylvania:** Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

**For Residents of Maine, Tennessee, Virginia, and Washington:** It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits.

**For Residents of Maryland, Rhode Island and West Virginia:** Any person who knowingly or willfully presents a false or fraudulent claim for payment of a loss or benefit or who knowingly or willfully presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison.

**For Residents of Minnesota:** A person who files a claim with intent to defraud or helps commit a fraud against an insurer is guilty of a crime.

**For Residents of New Hampshire:** Any person who, with a purpose to injure, defraud, or deceive any insurance company, files a statement of claim containing any false, incomplete, or misleading information is subject to prosecution and punishment for insurance fraud, as provided in RSA 638:20.

**For Residents of New Jersey:** Any person who knowingly files a statement of claim containing any false or misleading information is subject to criminal and civil penalties.

**For Residents of New Mexico:** Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to civil fines and criminal penalties.

**For Residents of Ohio:** Any person who knowingly, and with intent to defraud or deceive any insurance company, files a statement containing any false, incomplete, or misleading information is guilty of a felony.

**For Residents of Puerto Rico:** Any person who, knowingly and with intent to defraud, presents false information in an insurance request form, or who presents, helps or has presented a fraudulent claim for the payment of a loss or other benefit, or presents more than one claim for the same damage or loss, will incur a felony, and upon conviction will be penalized for each violation with a fine no less than five thousand (5,000) dollars nor more than ten thousand (10,000) dollars, or imprisonment for a fixed term of three (3) years, or both penalties. If aggravated circumstances prevail, the fixed established imprisonment may be increased to a maximum of five (5) years; if attenuating circumstances prevail, it may be reduced to a minimum of two (2) years.

**Notice for Residents of All Other States:** Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit, or knowingly presents false information in an application for insurance may be guilty of a crime and may be subject to fines and confinement in prison.

**This form is not complete unless ALL THREE pages are Returned and page 3 must be dated and signed by the Beneficiary.**

FG11 B             Page 2 of 3             11-19

EXHIBIT F

## E. Settlement Option

Beneficiaries receiving less than $5,000 will be paid with a single check. Beneficiaries receiving $5,000 or more have three settlement options:

1. **Concierge Account** - The Concierge Account offers a free and convenient way to access your money and earn interest, while you wait to make your next financial decision. With this option you will receive a checkbook, earn interest and have complete access to your money, at no additional cost. Please see the enclosed document for additional details on how this account can work for you.

2. **Payment Options** - Some contracts also offer additional options allowing you to receive your payment over time. If these options are offered with your contract, you will receive a summary containing options available to you.

3. **Payment in a single check.**

**Please select one of the following options (If no option is selected, you will receive payment in a single check):**

☐ Concierge Account
☐ Payment Option (please also list your specific payment option: _____ )
☑ Payment in a single check

**For Residents of New York:** Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation.

## F. Signature Requirements

Full Name of Beneficiary (Individual, Entity, Corporation or Trust - Please print): Lois Collins

Signing in the capacity as:

☑ Individually named beneficiary ☐ Partner(s) ☐ Executor or Administrator of Estate (Attach a copy of the Court Appointment)

☐ Trustee(s) (Attach Certificate of Trust OL4388A) ☐ Officer _____
(List corporate title - include corporate resolution)

| LOIS COLLINS | *Lois Collins* | *Kyle Pelizza* | 10/23/2020 |
|---|---|---|---|
| Name (Print First, Middle, Last) | Signature | Disinterested Witness Signature | Date (mm/dd/yyyy) |
| | | | |
| Name (Print First, Middle, Last) | Signature | Disinterested Witness Signature | Date (mm/dd/yyyy) |

## G. Additional Signature Requirements for Claim Amounts of $5 million or Greater - Notarization Required

| Name (Print First, Middle, Last) | Signature | Date (mm/dd/yyyy) |
|---|---|---|

STATE OF _____ COUNTY OF _____

On the ____ day of _____ in the year ____ before me, the undersigned, a Notary Public in and for said state. Personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose names(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacities and that by his/her/their signatures(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

**(Notary Public)** My commission expires: _____ **(Official Seal or Stamp)**

Signed Name: _____

Printed Name: _____

**This form is not complete unless ALL THREE pages are Returned and page 3 must be dated and signed by the Beneficiary.**

THIS DOCUMENT HAS A LIGHT BACKGROUND ON TRUE WATERMARKED PAPER. HOLD TO LIGHT TO VERIFY FLORIDA WATERMARK.

STATE OF FLORIDA

EXHIBIT F

## BUREAU of VITAL STATISTICS

# CERTIFICATION OF DEATH

**STATE FILE NUMBER:** 2020183929

**DATE ISSUED:** OCTOBER 12, 2020

**DATE FILED:** OCTOBER 12, 2020

## DECEDENT INFORMATION

NAME: ROBERT BRIAN COLLINS

DATE OF DEATH: OCTOBER 8, 2020   SEX: MALE   SSN: REDACTED   AGE: 061 YEARS

DATE OF BIRTH: REDACTED   BIRTHPLACE: MIAMI, FLORIDA, UNITED STATES

PLACE OF DEATH: DECEDENT'S HOME

FACILITY NAME OR STREET ADDRESS: REDACTED

LOCATION OF DEATH: WINDERMERE, ORANGE COUNTY, 34786

RESIDENCE: REDACTED   LORIDA 34786, UNITED STATES   COUNTY: ORANGE

OCCUPATION, INDUSTRY: CEO, DESIGN BUILD CONSTRUCTION

EDUCATION: BACHELORS DEGREE   EVER IN U.S. ARMED FORCES? NO

HISPANIC OR HAITIAN ORIGIN? NO, NOT OF HISPANIC/HAITIAN ORIGIN

RACE: WHITE

## SURVIVING SPOUSE / PARENT NAME INFORMATION

(NAME PRIOR TO FIRST MARRIAGE, IF APPLICABLE)

MARITAL STATUS: MARRIED

SURVIVING SPOUSE NAME: MARK DAVID PUIG

FATHER'S/PARENT'S NAME: ROBERT COLLINS

MOTHER'S/PARENT'S NAME: LOIS MINNICH

## INFORMANT, FUNERAL FACILITY AND PLACE OF DISPOSITION INFORMATION

INFORMANT'S NAME: MARK DAVID PUIG

RELATIONSHIP TO DECEDENT: SPOUSE

INFORMANT'S ADDRESS: REDACTED   FLORIDA 34786, UNITED STATES

FUNERAL DIRECTOR/LICENSE NUMBER: EDUARDO M BORI, F043878

FUNERAL FACILITY: A COMMUNITY FUNERAL HOME & SUNSET CREMATIONS F040725

910 W. MICHIGAN STREET, ORLANDO, FLORIDA 32805

METHOD OF DISPOSITION: BURIAL

PLACE OF DISPOSITION: GREENWOOD CEMETERY

ORLANDO, FLORIDA

## CERTIFIER INFORMATION

TYPE OF CERTIFIER: CERTIFYING PHYSICIAN   MEDICAL EXAMINER CASE NUMBER: NOT APPLICABLE

TIME OF DEATH (24 HOUR): 0642   DATE CERTIFIED: OCTOBER 12, 2020

CERTIFIER'S NAME: SUSAN JOY DRUKMAN

CERTIFIER'S LICENSE NUMBER: ME56999

NAME OF ATTENDING PHYSICIAN (IF OTHER THAN CERTIFIER): NOT APPLICABLE

## CAUSE OF DEATH AND INJURY INFORMATION

MANNER OF DEATH: NATURAL

CAUSE OF DEATH - PART I - AND APPROXIMATE INTERVAL: ONSET TO DEATH

a. REDACTED

b.

c.

d.

PART II - OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN PART I:

AUTOPSY PERFORMED? NO   AUTOPSY FINDINGS AVAILABLE TO COMPLETE CAUSE OF DEATH?

DATE OF SURGERY:   DID TOBACCO USE CONTRIBUTE TO DEATH? UNKNOWN

REASON FOR SURGERY:

PREGNANCY INFORMATION: NOT APPLICABLE

DATE OF INJURY: NOT APPLICABLE   TIME OF INJURY (24 HOUR):   INJURY AT WORK?

LOCATION OF INJURY:

DESCRIBE HOW INJURY OCCURRED:

PLACE OF INJURY:

IF TRANSPORTATION INJURY, STATUS OF DECEDENT:   TYPE OF VEHICLE:

, STATE REGISTRAR

REQ.: 2022007692

WARNING: THE ABOVE SIGNATURE CERTIFIES THAT THIS IS A TRUE AND CORRECT COPY OF THE OFFICIAL RECORD ON FILE IN THIS OFFICE. THIS DOCUMENT IS PRINTED OR PHOTOCOPIED ON SECURITY PAPER WITH WATERMARKS OF THE GREAT SEAL OF THE STATE OF FLORIDA. DO NOT ACCEPT WITHOUT VERIFYING THE PRESENCE OF THE WATER-MARKS. THE DOCUMENT FACE CONTAINS A MULTICOLORED BACKGROUND. SOLD EMBOSSED SEAL AND THERMOCHROMIC FL. THE BACK CONTAINS SPECIAL LINES WITH TEXT. THIS DOCUMENT WILL NOT PRODUCE A COLOR COPY.

DH FORM 1947 (03-13)

* 5 8 3 3 7 3 8 7 *

CERTIFICATION OF VITAL RECORD

VOID IF ALTERED OR ERASED

ORIGINAL

EXHIBIT F

**Utility Mailer**
**10 1/2" x 16"**

FROM:

Robert Collins
Mark Puig



TO:

Jon SAVERAID
NASSAU Re
PHL VARIABLE INSURANCE Co.
PO BOX 22012
ALBANY NY 12201-2012



7039 2970 0001 3191 5822



EXHIBIT G

**From:** t collins ▮▮▮ REDACTED ▮▮▮
**Sent:** Monday, December 7, 2020 10:47 AM
**To:** John Morocco <jmorocco@nsre.com>
**Subject:** Re: PVT Nassau Claim Information #40025168

| External Email: | Review the address carefully; use extreme caution with external links; follow policy regarding confidential or non-public information. |
|---|---|

Good Morning Jack,

Attached is a copy of a letter from my mother Lois A Collins, contesting the policy #40025168, and requesting for Nassau not to pay the policy at this time.

The original copy is being mailed to you at the P.O. Box # you gave me.

Please feel to call me with any questions or concerns you may have, at REDACTED

Kind regards,
Tammy Collins

EXHIBIT G

December 2, 2020

Dear Jack Morocco,

As per our conversation, I, Lois A. Collins is requesting for the policy #40025168 not be paid at this time.

I am formally contesting the validity and legitimacy of the recent changes to the policy.

If you have further questions or concerns you may reach me at REDACTED or reach my daughter Tammy Collins, who is working on my behalf, at REDACTED or REDACTED

Sincerely,

*Lois A. Collins*

Lois A. Collins