UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 21-cv-563 -CEM-EJK

PHL VARIABLE INSURANCE COMPANY,

Plaintiff,
v.

MARK PUIG and LOIS COLLINS,

Defendants.
_____/

**Uniform Case Management Report**

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted the planning conference on 6/15/2021. Wendy L. Furman, Counsel for Plaintiff, Scott A. Livingston, Counsel for Defendant Mark Puig and Clay A. Deatherage, Esq. Counsel for Defendant Lois Collins attended the conference.

2. **Deadlines and Dates**

   The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 8/2/2021 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 8/17/2021 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 12/17/2021 |
| Defendant's deadline for disclosing any expert report. | 1/17/2022 |
| Deadline for disclosing any rebuttal expert report. | 2/14/2022 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 3/14/2022 |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 3/28/2022 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. The Parties were unable to agree upon a deadline for mediation. | Enter a date. |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 7/2/2022 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 8/10/2022 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 8/17/2022 |
| Month and year of the trial term. | 9/1/2022 |

The trial will last approximately 2-3 days and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

PLAINTIFF'S POSITION:  THIS IS AN INTERPLEADER ACTION BY PHL VARIABLE.  THE COMPETING CLAIMANTS TO THE PROCEEDS HAVE BEEN JOINED AND SHOULD LITIGATE THEIR CLAIMS TO THE BENEFITS WHICH HAVE BEEN DEPOSITED WITH THE COURT REGISTRY AND PHL VARIABLE SHOULD BE DISMISSED AND PERMITTED TO RECOVER ITS ATTORNEY'S FEES AND COSTS FROM THE DEPOSITED FUNDS.

DEFENDANT, MARK PUIG'S POSITION:  THIS WAS INITIATED AS AN INTERPLEADER ACTION BY PHL VARIABLE FOLLOWING THE DEATH OF MR. PUIG'S SPOUSE.  SUBSEQUENTLY, DEFENDANT, LOIS COLLINS, FILED COUNTER- AND CROSS-CLAIMS SEEKING THE ENTIRETY OF THE INSURANCE BENEFITS.  THE COUNTER- AND CROSS-CLAIMS SHOULD BE DISMISSED, THE DEFENDANTS SHOULD RECEIVE BENEFITS IN ACCORDANCE WITH THE DECEDENT'S WISHES, AND MR. PUIG SHOULD RECOVER HIS ATTORNEY'S FEES AND COSTS.

DEFENDANT LOIS COLLINS' POSITION:

ON OR ABOUT AUGUST 28, 2020, MARK PUIG USED HIS UNFETTERED ACCESS TO ROBERT COLLINS CELL PHONE, PERSONAL COMPUTER, AND EMAIL ACCOUNT, TO IMPERSONATE ROBERT COLLINS IN COMMUNICATIONS WITH PHL'S AGENTS AT THE BRUCE BALTICH INSURANCE AGENCY ("PHL'S AGENTS") AND FRAUDULENTLY REQUESTED A CHANGE IN BENEFICIARY FORM FOR THE LIFE INSURANCE POLICY AT ISSUE IN THIS CASE.

ON AUGUST 31, 2020, MARK PUIG FORGED ROBERT COLLINS SIGNATURE AND SUBMITTED A FRAUDULENT BENEFICIARY CHANGE FORM TO PHL AND ITS AGENTS, WHICH FAILED TO HAVE THE REQUIRED DISINTERESTED WITNESS SIGNATURE AND FAILED TO DATE THE FORM (THE "AUGUST FORM").  THE AUGUST FORM DESIGNATED MARK PUIG AS 70% BENEFICIARY AND LOIS COLLINS AS 30% BENEFICIARY.

The August Form was not accepted by PHL and/or its agents.

On September 25, 2020, Mark Puig again forged Robert Collins signature, this time as Robert B. Collins, and submitted a second fraudulent beneficiary change form to PHL and its agents (the "September Form"), which again failed to have the required disinterested witness signature and this time fraudulently backdated the form to February 21, 2020. The September Form again designated Mark Puig as 70% beneficiary and Lois Collins as 30% beneficiary.

Robert Collins died on October 8, 2020. Following Robert Collins death, both Mark Puig and Lois Collins made a claim to PHL for the Policy's death benefit.

By letter dated December 2, 2020, Lois Collins contested the "validity and legitimacy of the recent changes to the Policy," thus contesting the claim of Mark Puig.

As to Crossclaim Defendant mark Puig's, he engaged in a fraud by forging the August Form and the September Form to declare himself a 70% beneficiary and Lois Collins a 30% beneficiary and thereby prevented Lois Collins from receiving the 100% death benefit of the Policy per its terms.

As to Counterclaim defendant PHL and its agents, they required the change of beneficiary form to be signed by a disinterested witness and properly dated. In addition, In reviewing the August Form, PHL and its agents knew or should have known that it was in handwriting and had a signature different from any on file for Robert Collins and it was not signed in accordance with the form or Policy requirements as it was not signed by a disinterested witness and was not dated. In reviewing the September Form, PHL and its agents knew or should have known that it was signed as Robert B. Collins which was different than any previous signature or handwriting on file with PHL, and again was not signed in accordance with the form or Policy requirements as it was not signed by a disinterested witness and was fraudulently

4

**BACKDATED TO SEVEN MONTHS PRIOR TO SUBMISSION, FEBRUARY 21, 2020. SUCH OBVIOUS INCONSTANCIES IN HANDWRITING AND SIGNATURES AND FAILURES TO COMPLY WITH THE BASIC REQUIREMENTS OF THE POLICY AS LAID OUT IN PHL'S AGENTS EMAIL AND IN THE CHANGE OF BENEFICIARY FORM SHOULD HAVE GIVEN PHL AND ITS AGENTS NOTICE THAT THE FORMS WERE NOT SIGNED BY ROBERT COLLINS. PHL SHOULD HAVE EXERCISED REASONABLE CARE BY REQUIRING CONFIRMATION BY A DISINTERESTED WITNESS SIGNATURE OR NOTARY WITH AN ACCURATE DATE TO CONFIRM AND VALIDATE THAT IT WAS INDEED ROBERT COLLINS WHO WAS REQUESTING A CHANGE TO THE POLICY'S BENEFICIARIES.**

**IN ADDITION, THE FACT THAT ONE FORM WAS NOT ACCEPTED BY PHL (THE AUGUST FORM) AND THE SECOND FORM ACCEPTED BY PHL (THE SEPTEMBER FORM), WHICH WAS NOW SIGNED BY ROBERT B. COLLINS, AND WAS BACKDATED TO SEVEN MONTHS PRIOR TO SUBMITTAL (FEBRUARY 2020) SHOULD HAVE CAUSED PHL AND ITS AGENTS TO FURTHER QUESTION WHY WERE THE TWO FORM SIGNED WITH DIFFERENT FULL NAMES AND ONE NOT DATED AND ONE BACKDATED AND FURTHER INVESTIGATED AND NOT ACCEPTED A CHANGE IN BENEFICIARY UNTIL A DISINTERESTED WITNESS OR NOTARY ATTESTING TO ROBERT COLLINS' AUTHENTIC SIGNING AND DATING OF THE CHANGE OF BENEFICIARY FORM.**

**PHL FAILED TO EXERCISE REASONABLE CARE OR COMPETENCE IN RECEIVING AND VALIDATING THE AUGUST AND/OR SEPTEMBER FORM AND CONFIRMING THAT IT WAS ROBERT COLLINS IN FACT REQUESTING A CHANGE TO THE POLICY. PHL NEGLIGENTLY ACCEPTED EITHER OF THE AUGUST AND SEPTEMBER FORM AND AS A RESULT OF PHL'S NEGLIGENCE, LOIS COLLINS HAS BEEN DEPRIVED OF HER FULL RIGHTS AND BENEFITS UNDER THE POLICY AS PROCURED AND DESIGNATED BY ROBERT COLLINS.**

4. **Disclosure Statement**

   ☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

   ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere

by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☒ The parties do request a preliminary pretrial conference, and the parties want to discuss dismissal of PHL Variable as an Interpleader Plaintiff.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

6

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

   ☒ Yes.
   ☐ No; instead, the parties agree to these changes: enter changes.

   B.  Discovery may be needed on these subjects: list the subjects.

   C.  Discovery should be conducted in phases:
   ☒ No.
   ☐ Yes; describe the suggested phases.

   D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

   ☒ No.
   ☐ Yes; describe the issue(s).

   E.  ☒  The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

   F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

   ☒ No.
   ☐ Yes; describe the stipulation.

10. **Request for Special Handling**

    ☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

11. **Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

12. **Signatures**

Dated July 2, 2021

| | |
|---|---|
| McDowell & Hetherington, LLP<br>Attorneys for Plaintiff PHLVIC<br>2385 N.W. Executive Center Drive, Suite 400<br>Boca Raton, FL 33431<br>(561) 994-4311<br>(561) 982-8985 fax | CPLS, P.A.<br>Counsel for Defendant Mark Puig<br>201 East Pine Street, Suite 445<br>Orlando, FL 32825<br>407-647-7887<br>407-647-5396 Fax |
| By:/s/ Wendy L. Furman<br>Wendy L. Furman, Esq.<br>Fla. Bar No. 0085146<br>wendy.furman@mhllp.com<br>lisa.nurse@mhllp.com | By:/s/Scott Livingston<br>Scott Livingston, Esq.<br>Fla Bar No. 0126314<br>SLivingston@cplspa.com<br>courtefiling@cplspa.com |

Bloodworth Law, PLLC
Counsel for Defendant Luis Collins
801 N. Magnolia Avenue, Ste. 216
Orlando FL 32803
(407) 777-8541

By:/s/ L. Reed Bloodworth
L. Reed Bloodworth, Esq.
Fla. Bar No. 0718491
Reed@LawyerFightsForYou.com